The Celina Mutual Ins. Co., Appellee and Cross-Appellant, *v.* Bowers, Tax Commr., Appellant and Cross-Appellee.
The National Mutual Ins. Co., Appellee and Cross-Appellant, *v.* Bowers, Tax Commr., Appellant and Cross-Appellee.

[Cite as Celina Mutual Ins. Co. v. Bowers, Tax Commr., 5 Ohio St. 2d 12.]

(Nos. 39142 and 39143—Decided December 29, 1965.)

14

 

*Messrs. Vorys, Sater, Seymour & Pease, Mr. Arthur I. Vorys, Mr. Duke W. Thomas* and *Mr. Jerry D. Jordan,* for appellees and cross-appellants.

*Mr. William B. Saxbe,* attorney general, and *Mr. Edgar L. Lindley,* for appellant and cross-appellee.

ZIMMERMAN, J. In support of their position and the favorable judgments of the Court of Appeals, appellees rely on Section 5725.25, Revised Code, first effective in 1931 and which has remained in substantially the same form ever since. That section, as applicable and pertinent, reads:

"The real estate of a domestic insurance company shall be taxed in the place where it is located, the same as the real estate of other persons is taxed, but the tax provided for by Sections 5725.01 to 5725.26, inclusive, of the Revised Code, shall be in lieu of all other taxes on the other property and assets of such domestic insurance company and of all other taxes, charges, and excises on such domestic insurance companies * * *. Sections 5725.01 to 5725.26, inclusive, of the Revised Code do not assess any tax on any foreign insurance company or affect any tax on a foreign insurance company under any laws of this state."

Appellant, Tax Commissioner, contends that the interpretation given Section 5725.25, Revised Code, by the Court of Appeals whereby the appellees, domestic insurance companies, are relieved generally from the payment of sales and use taxes renders such statute unconstitutional as offensive to Section 2, Article I of the Constitution of Ohio, and Article XIV of the

Constitution of the United States, in that it is made to operate in an unconstitutional and discriminatory manner against foreign insurance companies admitted to do business in Ohio, the effect of such interpretation being to make those companies subject to the Ohio sales and use taxes, whereas domestic insurance companies are freed therefrom.

The so-called Sales Tax Act was first enacted as a temporary measure in 1934 (H. B. No. 134, 115 Ohio Laws, pt. 2, 306), and the Use Tax Act was enacted in 1935 (H. B. No. 590, 116 Ohio Laws, pt. 2, 101). In 1936, the two acts were made permanent (H. B. No. 694 and H. B. No. 698, 116 Ohio Laws, pt. 2, 323 and 346).

Applicable Section 5739.02, Revised Code, levies the retail sales tax on each retail sale in this state, and applicable Section 5739.01 (E), Revised Code, as pertinent here, defines "retail sale" in the following language:

"(E) 'Retail sale' and 'sales at retail' include *all sales* except those in which the purpose of the consumer is:

"* * *

"(5) To resell, hold, use, or consume the thing transferred *as evidence* of a contract of insurance." (Emphasis supplied.)

Section 5741.02, Revised Code, levies the use tax upon the storage, use or other consumption of tangible personal property in this state, and subdivision (4) of paragraph (C) of Section 5741.01, Revised Code, in its applicable form, contains the same exception as found in subdivision (5) of paragraph (E) of Section 5739.01, Revised Code.

Incidentally, it may be appropriate to remark that the "use tax" is complementary or supplemental to the "sales tax" and is not designed to duplicate it.

It is now established in Ohio that statutes relating to the exemption or exception from sales or use taxes are to be strictly construed, and one claiming such exemption or exception must affirmatively show his right thereto. *L. A. Wells Construction Co.* v. *Bowers, Tax Commr.*, 164 Ohio St. 357, 358, 130 N. E. 2d 803, 804.

In the opinion of this court, the enactment of Section 5739.01 (E) (5), Revised Code, and Section 5741.01 (C) (4), Revised Code, subsequent to the enactment of what is now Sec-

tion 5725.25, Revised Code, shows a legislative intent to subject the purchase and use of tangible personal property by insurance companies generally to the sales and use taxes except in those instances where the purpose of the consumer (insurance company) is "to resell, hold, use, or consume the thing transferred *as evidence* of a contract of insurance." The manual and manual sheets in issue do not come within the exception.

Moreover, it is to be noted that the "in lieu of" provision of Section 5725.25 refers to "all other taxes on the other property and assets of such domestic insurance company and all other taxes, charges, and excises." In reality, the Ohio sales and use taxes are on *transactions*—the *exercise of a privilege,* viz., the right to acquire and use tangible personal property, and they apply only to the transactions by which that privilege is exercised. As is pointed out in *Young Men's Christian Assn. of Birmingham* v. *State,* 265 Ala. 640, 93 So. 2d 781, by the language of the use tax statute, "the tax is imposed on the storage, use, or other consumption of the specified property. The tax is not, by the language of the statute, imposed on the property."

A view similar to the one we have expressed was taken by the Connecticut Supreme Court of Errors in the case of *Connecticut Light & Power Co.* v. *Walsh, Tax Commr.,* 134 Conn. 295, 57 A. 2d 128, 1 A. L. R. 2d 453, where the gist of the holding is that a statutory declaration that a gross-earnings tax imposed on power companies shall be "in lieu of" all other taxes does not free or exempt such companies from the payment of subsequently imposed sales and use taxes on the purchase of materials—tangible personal property—used in their business. Compare *Oxford, Commr.,* v. *Housing Authority of City of Barnesville,* 104 Ga. App. 797, 123 S. E. 2d 175.

By reason of our stated position, the judgments of the Court of Appeals are reversed, and the decisions of the Board of Tax Appeals are affirmed.

*Judgments reversed.*

Taft, C. J., Matthias, O'Neill, Herbert, Sherer and Brown, JJ., concur.

Sherer, J., of the Second Appellate District, sitting for Schneider, J.