HOWELL AIR, INC., APPELLANT, *v.* PORTERFIELD, TAX COMMR., APPELLEE.

[Cite as Howell Air, Inc., v. Porterfield (1970), 22 Ohio St. 2d 32.]

(No. 69-671—Decided April 15, 1970.)

---

*CHIEF JUSTICE TAFT participated in this case which was, however, decided after his death.

*Mr. Allan Sherry,* for appellant.

*Mr. Paul W. Brown,* attorney general, and *Mr. George M. Hauswirth,* for appellee.

*Per Curiam.* Appellant is engaged in the business of selling aircraft and holds an Ohio vendor's license. It filed with the Tax Commissioner two requests for reimbursement of sales taxes, alleged to have been illegally or erroneously paid to the state of Ohio on its sale in Ohio of two aircraft. The requests for reimbursement were based solely upon the claim that the aircraft in question were not subject to sales taxes by virtue of the last sentence of Section 4561.18, Revised Code. The claims for reimbursement were denied by the Tax Commissioner. Those orders were affirmed by decision of the Board of Tax Appeals, after which an appeal as a matter of right was taken to this court, as provided in Section 5717.04, Revised Code.

Prior to 1951, any aircraft located and used in business in this state was subject to taxation as being "personal property located and used in business in this state," within the provisions of Section 5328, General Code. In 1951, by the passage of Amended House Bill No. 405 (124 Ohio Laws 852), an annual license fee was levied on aircraft to provide revenue for the expenses of administering the Ohio laws relative to registration thereof, establishment of air markings, etc., and Section 5328, General Code, was amended to exclude from personal property taxation "those [aircraft] properly licensed in accordance with the provisions of Sections 6310 to 6310-5 inclusive of the General Code."

Section 6310-5, General Code, enacted at that time, as recodified with no essential change, is now the last sentence of Section 4561.18, Revised Code, reading:

"Such taxes are in lieu of all other taxes on or with respect to *ownership* of such aircraft." (Emphasis added.)

The Ohio sales tax is not a tax on or with respect to the *ownership* of property. It is not a *property* tax. It is, as specifically designated in Section 5739.02, Revised Code,

an *excise* tax. An excise tax is neither on the ownership of property, nor is it with respect to such ownership. It is not a tax "laid directly on persons or property." *Saviers* v. *Smith* (1920), 101 Ohio St. 132, 137. It is a tax assessed for some special privilege or immunity. *Cincinnati, Milford & Loveland Traction Co.* v. *State* (1916), 94 Ohio St. 24, 27. Specifically, the Ohio sales tax is a tax "on *transactions*— the *exercise of a privilege*, viz., the right to acquire * * * tangible personal property * * *." *Celina Mutual Ins. Co.* v. *Bowers* (1965), 5 Ohio St. 2d 12, 16.

Appellant argues that our holding in *Celina Mutual*—that the purchase of manuals and manual sheets by insurance companies was subject to the sales tax despite the blanket tax exemption as to domestic insurance companies contained in Section 5725.25, Revised Code—was based (1) on the fact that the Sales Tax Act was passed subsequent to the enactment of Section 5725.25, Revised Code, and (2) on the fact that the Sales Tax Act contained language specifically exempting sales where the purpose of the consumer (insurance company) was "to resell, hold, use, or consume the thing transferred *as evidence of a contract of insurance*" (Section 5739.01(E)(5), Revised Code); thus showing, as stated in *Celina Mutual*, at page 16, "a legislative intent to subject the purchase and use of tangible personal property by insurance companies generally to the sales and use taxes except in those instances" specifically excepted from the definition of "retail sale" by Section 5739.01(E)(5), Revised Code.

On the basis that, as to aircraft, the "in lieu of" statute (Section 4561.18, Revised Code) was enacted subsequent to the enactment of the Ohio sales tax, and that there is no specific reference to aircraft in the Sales Tax Act, appellant asserts that the reasoning of *Celina Mutual* requires a reversal of the decision of the Board of Tax Appeals in this case. In making this argument, appellant overlooks the fact that the "in lieu of" provision of Section 5725.25, Revised Code, as to domestic insurance com-

panies, is much broader than the provision of Section 4561.18, Revised Code. The former statute provides not only that the tax shall be in lieu of other taxes on "property and assets of such domestic insurance company," but also that it shall be in lieu of "all other taxes, charges, and excises on such domestic insurance companies." The "in lieu of" provision of Section 4561.18 is limited in its application to "all other taxes on or with respect to *ownership* of such aircraft."

Assuming an ambiguity in the "in lieu of" provision involved in *Celina Mutual*, as applied to the question of exemption from sales tax, requiring consideration of relative dates of legislative enactments and of specific language of the Sales Tax Act as reflecting on legislative intent, we find no such ambiguity in the language of Section 4561.18, Revised Code. The language of this statute does not exempt the sale of aircraft, otherwise subject to the Ohio sales tax, from such tax.

The Sales Tax Act, by its specific terms, levies an excise tax on *each* retail sale made in Ohio, excluding only those sales excepted from the definition of "retail sale" by Section 5739.01(E), Revised Code, and those to which the tax is specifically made inapplicable by Section 5739.02(B), Revised Code. The sales here in question are not included in any of such exceptions or exemptions.

*Decision affirmed.*

O'NEILL, C. J., LEACH, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.*

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.

---

*CHIEF JUSTICE TAFT participated in this case which was, however, decided after his death.