COOEY-BENTZ CO., APPELLANT, *v.*
LINDLEY, TAX COMMR., APPELLEE.

(No. 80-1024—Decided April 15, 1981.)

*Messrs. Baker & Hostetler, Mr. Mark D. Senff* and *Mr. Joseph J. Van Heyde* II, for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Charles M. Steines,* for appellee.

*Per Curiam.* The General Assembly has enacted R. C. Chapter 5741, which imposes a tax on the storage, use or other consumption in this state of tangible personal property not taxed under the general sales tax provisions of R. C. Chapter 5739. The purpose behind the imposition of this "use tax" is two-fold. First, it serves to protect the revenues of the state by taking away the advantages of making purchases outside the reach of the state's sales tax. Second, it serves to protect local merchants against the competition of out-of-state stores not required to charge in-state sales taxes. *Miller Bros. Co.* v. *Maryland* (1954), 347 U. S. 340, 343.

This cause concerns the application of R. C. 5741.04, which requires certain sellers, as defined in R. C. 5741.01(E) and (H), to collect the use tax at the time of a retail sale. It is clear that solicitation of Ohio consumers does occur here, and that sales to Ohio consumers do result from this solicitation.

Appellant, citing the holding in *Miller Bros., supra,* at pages 344-345, contends it is immune from the duty to collect the use tax because the state has not demonstrated "some definite link, some minimum connection" between the appellant and the state which would make it susceptible to the jurisdiction of the Ohio tax laws.

This case is readily distinguishable from *Miller Bros.,* however. Here, unlike *Miller Bros.,* appellant directed its advertising to reach citizens of this state in order to induce them to buy in West Virginia. It regularly serviced customers in this state. Additionally, appellant did not sell cash-and-carry; it could easily identify the destination of most of the goods sold.

It can also be seen that appellant did enjoy the benefits of Ohio services. See *National Geographic Soc.* v. *Cal. Equalization Bd.* (1977), 430 U. S. 551, 558. Making deliveries, installations, and repairs in Ohio with company-owned vehicles, appellant regularly took advantages of this state's police protection, as well as the roads provided by the state for the use of its residents.

We thus find the decision of the Board of Tax Appeals to be neither unreasonable nor unlawful, and it is hereby affirmed.

*Decision affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.