GENERAL MOTORS CORPORATION, APPELLANT, *v.*
LINDLEY, TAX COMMR., APPELLEE.

[Cite as General Motors Corp. v. Lindley (1981),
67 Ohio St. 2d 331.]

(No. 80-1803—Decided July 22, 1981.)

Messrs. *Shumaker, Loop & Kendrick, Mr. G. Charles Scharfy* and *Mr. Robert B. Gosline,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellee.

*Per Curiam.* The sole issue presented in this cause is whether the patterns in question are exempt from taxation by virtue of the provisions of R. C. 5701.03.[3] In pertinent part, R. C. 5701.03 states: "As used in Title LVII of the Revised Code, 'personal property' includes every tangible thing which is the subject of ownership, whether animate or inanimate, other than patterns, jigs, dies, or drawings, which are held for use and not for sale in the ordinary course of business***and not forming part of a parcel of real property***. The exclusion of patterns, jigs, dies, and drawings from the definition of 'personal property' by this section shall not be deemed an exclusion of the value of same from taxation when such value may enter into the valuation of inventory produced for sale."

---

[3] Appellant also argues, in its first proposition of law, that "[a]n Ohio excise tax***which burdens or discriminates against interstate commerce is in violation of the Commerce Clause of the United States Constitution (§8, Clause 3, of Article I), and is invalid." While in the abstract this proposition is correct, it has no application to the instant cause. The record reflects that the patterns in question were brought to rest, permanently, within the confines of the state of Ohio. "State use tax statutes have been consistently upheld by the United States Supreme Court in their application to tangible personal property where the property was carried into the taxing state, and there brought permanently to rest***." (Citations omitted.) *Federal Paper Board Co.* v. *Kosydar* (1974), 37 Ohio St. 2d 28, 32. Moreover, the property here clearly left the flow of interstate commerce. "When the property sought to be reached under the use tax is no longer integrated in the flow of interstate commerce, a tax upon the privilege of exercising ownership rights in respect thereof does not run afoul of the prohibition against state taxation of the operation of interstate commerce." *Louisville Title Agency for N.W. Ohio* v. *Kosydar* (1975), 43 Ohio St. 2d 109, 111. Because appellant retained and exercised rights of ownership over the property within Ohio, imposition of the use tax does not contravene the strictures of the Commerce Clause.

Appellant argues that the foregoing language exempts the patterns in question from the use tax levied by R. C. 5741.02.[4]

Appellee, on the other hand, argues that the exclusion from taxation contained in R. C. 5701.03 pertains only to *ad valorem* taxes. In its order, the Board of Tax Appeals stated, in part, that "[t]he use tax is an excise tax on an activity and not an *ad valorem* levy on the property itself which is prohibited by Revised Code section 5701.03 * * *." For the reasons set forth below, we agree.

In *National Tube Co.* v. *Glander* (1952), 157 Ohio St. 407, paragraphs one and two of the syllabus, we stated:

"1. Under Sections 5546-2 [R. C. 5739.02] and 5546-26 [R. C. 5741.02] * * * the presumption obtains that every sale or use of tangible personal property in this state is taxable.

"2. Statutes relating to exemption or exception from taxation are to be strictly construed and one claiming such exemption or exception must affirmatively establish his right thereto." See *Celina Mutual Ins. Co.* v. *Bowers* (1965), 5 Ohio St. 2d 12.

Therefore, in order to prevail on this issue, it is incumbent upon appellant to affirmatively establish its right to such exemption. This, we believe, it has failed to do.

The use tax levied under R. C. Chapter 5741 is an *excise tax,* not an *ad valorem* tax. As such, it is imposed "neither on the ownership of property, nor is it with respect to such ownership. It is not a tax 'laid directly on persons or property.' * * * It is a tax assessed for some special privilege or immunity. * * *" (Citations omitted.) *Howell Air, Inc.,* v. *Porterfield* (1970), 22 Ohio St. 2d 32, 34. The use tax, therefore, is not a tax laid upon the property, itself, but, rather, "is a tax upon the privilege of use of property * * *." *Federal Paper Board Co.* v. *Kosydar* (1974), 37 Ohio St. 2d 28, at 32. Under the statutes in question, " 'Use' means and includes the exercise of any right or power incidental to the ownership of the thing used." R. C. 5741.01(C).

It is clear that had all of the patterns in question been purchased from Ohio vendors, appellant would have been required

---

[4] "For the use of the general revenue fund of the state, an excise tax is hereby levied on the storage, use, or other consumption in this state of tangible personal property * * *." R. C. 5741.02(A).

to pay a sales tax thereon. *Babcock & Wilcox* v. *Kosydar* (1976), 48 Ohio St. 2d 251. Appellant did, in fact, exclude from its applications for refunds all taxes paid on those purchases made from Ohio suppliers. Since "the 'use tax' is complementary or supplemental to the 'sales tax,' " *Celina Mutual Ins. Co.* v. *Bowers, supra,* at 15, we find no valid reason for levying a use tax for those purchases made in Ohio but excluding from taxation the same property when it is acquired outside Ohio. "The General Assembly has enacted R. C. Chapter 5741, which imposes a tax on the storage, use or other consumption in this state of tangible personal property not taxed under the general sales tax provisions of R. C. Chapter 5739. The purpose behind the imposition of this 'use tax' is two-fold. First, it serves to protect the revenues of the state by taking away the advantages of making purchases outside the reach of the state's sales tax. Second, it serves to protect local merchants against the competition of out-of-state stores not required to charge in-state sales taxes." *Cooey-Bentz Co.* v. *Lindley* (1981), 66 Ohio St. 2d 54, 55. Imposition of the "use tax" in this case serves to fulfill both of the aforementioned legislative purposes.

Were this an attempt by the Tax Commissioner to levy an *ad valorem* tax upon the patterns in question, it is clear that such action would be unlawful. See *Colonial Foundry Company* v. *Peck* (1952), 158 Ohio St. 296. However, in this cause, the Tax Commissioner is levying the tax, not upon the property itself, but on transactions with respect to the property. Appellant's exercise of dominion and control over the patterns, at the time they arrived at appellant's foundry, was the exercise of a right incidental to the ownership of such patterns.

Accordingly, the decision of the Board of Tax Appeals, being neither unreasonable nor unlawful, is hereby affirmed.

*Decision affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

C. BROWN, J., dissents.