GENERAL AMERICAN TRANSPORTATION CORPORATION, APPELLEE AND CROSS-APPELLANT, *v.* LIMBACH, TAX COMMR., APPELLANT AND CROSS-APPELLEE.

[Cite as General American Transp. Corp. *v.* Limbach (1984), 15 Ohio St. 3d 302.]

(No. 84-400—Decided December 31, 1984.)

*Messrs. Vorys, Sater, Seymour & Pease, Mr. Robert E. Leach* and *Mr. Raymond D. Anderson,* for appellee and cross-appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. James C. Sauer,* for appellant and cross-appellee.

LOCHER, J. The issue presented in this appeal is whether all of GATC's RMI is subject to personal property tax, or only that portion which corresponds to the percentage of final product *sold* to final product *manufactured.* On cross-appeal, GATC also argues that *none* of its RMI should be subject to the personal property tax. This court holds that *all* of taxpayer's RMI is subject to the tax, and therefore reverses the decision of the court of appeals.

A review of the applicable statutes is necessary for resolution of this issue.

R.C. 5709.01 is the basis for any taxable property analysis, and at the time relevant herein read in pertinent part as follows:

"* * * All personal property located and *used in business* in the state * * * [is] subject to taxation * * *." (Emphasis added.)

R.C. 5701.08 defines "used in business":

"(A) Personal property is 'used' within the meaning of 'used in business' * * * when stored or kept on hand as material, parts, products, or merchandise. * * *

"(B) 'Business' includes all enterprises * * * *conducted for gain, profit, or income.*" (Emphasis added.)

Therefore, all raw materials which are held in inventory for eventual use in producing "gain, profit, or income" are subject to personal property tax.

R.C. 5711.16 defines a "manufacturer" to be:

"A person who purchases, receives, or holds personal property for the purpose of adding to its value by manufacturing * * * different materials *with a view of making a gain or profit by so doing * * *.*" (Emphasis added.)

R.C. 5711.16 further states that the average monthly value of all taxable property of the manufacturer is then taxed.[1]

Applying these statutes to the case at bar, we find first that GATC is a "manufacturer." We find further that the *entire* RMI of GATC is held "with a view of making a gain or profit," within the meaning of R.C. 5711.16.

GATC urges, and the court of appeals so held, that only that portion of its RMI which corresponds to the percentage of tank cars *sold* to total cars *manufactured* is taxable. Such a proposition excludes from taxation the percentage of RMI that is eventually used in the manufacture of leased cars. *Ex-Cell-O Corp.* v. *Kosydar* (1976), 49 Ohio App. 2d 131 [3 O.O.3d 188],[2] is cited by GATC and the court of appeals as direct authority.

The proposition urged by GATC ignores the clear reading of the applicable statutes. R.C. 5711.16 and 5701.08(B) do not draw a distinction between selling and leasing. To be subject to taxation, the property need only have been held for eventual production of gain, profit, or income. Gain, profit, or income is produced whether the final product is sold or leased. We may not inject new words into a statute.

Therefore, we reject the holding in *Ex-Cell-O, supra.* Contrary to the court's language in *Ex-Cell-O, Equilease Corp.* v. *Donahue* (1967), 10 Ohio St. 2d 81 [39 O.O.2d 88], and *Southland Stores No. 3, Inc.* v. *Bowers* (1960), 171 Ohio St. 271 [13 O.O.2d 207], do not support the *Ex-Cell-O* result.

---

[1] Concerning average monthly value, R.C. 5711.16 reads, in pertinent part:

"* * * When such person is required to return a statement of the amount of his personal property used in business, he shall include the average value * * * of all articles purchased, received, or otherwise held for the purpose of being used, in whole or in part, in manufacturing * * *.

"The average value of such property shall be ascertained by taking the value of all property subject to be listed on the average basis, owned by such manufacturer on the last business day of each month the manufacturer was engaged in business during the year, adding the monthly values together, and dividing the result by the number of months the manufacturer was engaged in such business during the year. * * *"

[2] The syllabus in *Ex-Cello-O* reads as follows:

"The personal property owned by a manufacturer which is in the business of leasing equipment to others for use in their plants and consisting of parts, unfinished machines and completed machines which the manufacturer assembles from such parts designed to meet the specific requirements of prospective lessees, where the manufacturer has no view of making a gain or profit by the manufacturing of such equipment but manufactures same with a view of making a gain or profit from the leasing thereof, is not subject to and does not become subject to personal property tax until the completed machine is delivered to the possession of the lessee for whom the machine is manufactured and rental thereon begins to accrue, the tax then being applicable only to the completed machine under lease."

*Equilease* and *Southland* did not involve RMI held for manufacturing purposes, which is the situation in this case.

It follows, then, that the RMI of a manufacturer such as GATC is "used in business" within the meaning of R.C. 5701.08(A) and (B). Therefore, pursuant to R.C. 5709.01, 5701.08(A) and (B), and 5711.16, the average monthly value of all raw material inventory of a manufacturer is subject to personal property tax, regardless of whether the final product is sold or leased.

On cross-appeal, GATC argues that by virtue of its status as a public utility, it is therefore exempt from personal property tax, pursuant to R.C. 5727.03. It argues further that to impose personal property tax on its RMI would constitute an impermissible double tax in view of the tax imposed on GATC under R.C. 5727.24 *et seq.* We find neither of these claims to be persuasive.

GATC qualifies for public utility status under R.C. 5727.01(A)[3] by virtue of its falling within the definition of an "equipment company" under R.C. 5727.01(E)(5).[4] R.C. 5727.03[5] exempts public utilities from, *inter alia,* the personal property tax. However, GATC's RMI is *not* exempt, for the reason that GATC is a "dual capacity" enterprise: its manufacturing operations are distinct from its equipment leasing operations. GATC is an equipment company only to the extent that it is "* * * engaged in the business of furnishing or leasing cars * * *." (R.C. 5727.01[E][5].)

Therefore, the RMI is subject to the personal property tax since only the manufacturing operations are involved herein.

Further, GATC is not subjected to an unconstitutional double taxation of its RMI. The tax imposed under R.C. 5727.24 *et seq.* is expressly termed an *excise* tax in R.C. 5727.27.[6] An excise tax is one levied on a privilege

---

[3] R.C. 5727.01(A) defines "public utility" .as follows, in pertinent part:

" 'Public utility' includes each corporation, firm, individual, and association, its lessees, trustees, or receivers elected or appointed by any authority, and referred to as an * * * equipment company * * *."

[4] R.C. 5727.01(E)(5) reads as follows:

"Any person, firm, partnership, voluntary association, joint-stock association, company, or corporation, wherever organized or incorporated:
"* * *
"(5) Is an equipment company when engaged in the business of furnishing or leasing cars, of any kind, to be used in the operation of any railway line wholly or partially within this state, such line not being owned, leased, or operated, by such company."

[5] R.C. 5727.03 reads, in pertinent part:

"Public utilities are not * * * governed by sections 5711.01 to 5711.36, inclusive, of the Revised Code. * * *"

[6] R.C. 5727.27 reads, in pertinent part:

"On the first Monday in November, annually, the tax commissioner shall certify the amount required by section 5727.26 of the Revised Code to the auditor of state, who shall charge a sum in the nature of an excise tax to be collected from each freight line and equipment company doing business or owning cars which are operated in this state * * *."

and not one levied directly against the property. *Howell Air, Inc.* v. *Porterfield* (1970), 22 Ohio St. 2d 32, 34 [51 O.O.2d 62]. The personal property tax, on the other hand, is obviously a property tax.

For the reasons stated herein, this court rules that all of GATC's RMI is subject to the personal property tax. Accordingly, the decision of the court of appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C.J., SWEENEY, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

W. BROWN, J., dissents.

