PHILIPS INDUSTRIES, INC., APPELLANT, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as Philips Industries, Inc. *v.* Limbach (1988), 37 Ohio St. 3d 100.]

(No. 86-1577—Submitted December 1, 1987—Decided June 8, 1988.)

*Taft, Stettinius & Hollister, Stephen M. Nechemias* and *Patrick J. Mitchell,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Richard C. Farrin,* for appellee.

LOCHER, J. The issue presented in this action is whether payment of the annual license tax on aircraft pursuant to R.C. 4561.18 provides an exemption from assessment of the state use tax. Appellant contends that it does. We hold in the negative and accordingly affirm the decision of the Board of Tax Appeals.

The standard of review to be applied to this type of action is well-established. "Statutes relating to the exemption or exception from sales or use taxes are to be strictly construed. * * *" *Celina Mut. Ins. Co.* v. *Bowers* (1965), 5 Ohio St. 2d 12, 34 O.O. 2d 7, 213 N.E. 2d 175, paragraph one of the syllabus. Our duty is limited to a determination of whether the decision of the Board of Tax Appeals was unreasonable or unlawful.

R.C. 4561.17 provides for an annual license tax to be levied upon all aircraft operating over the lands and waters of this state.[1] R.C. 4561.18 re-

---

[1] R.C. 4561.17 provided during the audit period herein:

"For the purpose of providing revenue for paying the expenses of administering sections 4561.17 to 4561.222 of the Revised Code relative to the registration of aircraft, for the surveying of and the establishment, checking, maintenance, and repair of aviation air marking and of air navigation facilities, for the acquiring, maintaining, and repairing of equipment necessary therefor, and for the cost of the creation and distribution of Ohio aeronautical charts and Ohio airport and landing field directories, an annual license tax is hereby levied upon all aircraft operating over the lands and waters of this state except the following:

"(A) Aircraft owned by the United States or any territory thereof;

"(B) Aircraft owned by any foreign government;

"(C) Aircraft owned by any state or any political subdivision thereof;

"(D) Aircraft operated under a certificate of convenience and necessity issued by the civil aeronautics board or any successor thereto;

"(E) Aircraft owned by any nonresident of this state whether such owner is an individual, partnership, or corporation, provided such owner has complied with all the laws in regard to the licensing of aircraft in the state of his residence;

"(F) Aircraft owned by aircraft manufacturers or aircraft engine manufacturers and operated only for purposes of testing, delivery, or demonstration;

"(G) Aircraft operated for hire over regularly scheduled routes within the state.

"Such license tax shall be at the rates specified in section 4561.18 of the Revised Code, and shall be paid to and collected by

quires an owner of an aircraft to license and register the aircraft and to pay the proper license tax. This section provides:

"Applications for the licensing and registration of aircraft shall be made and signed by the owner thereof upon forms prepared by the department of transportation and shall contain a description of the aircraft, including its federal registration number, and such other information as is required by the department.

"Applications shall be filed with the director of transportation during the month of January, annually and shall be renewed according to the standard renewal procedure of sections 4745.01 to 4745.03 of the Revised Code. Application for registration of any aircraft not previously registered in this state, if such aircraft is acquired or becomes subject to such license tax subsequent to the last day of January in any year, shall be made for the balance of the year in which the same is acquired, within forty-eight hours after such acquisition or after becoming subject to such license tax. Each such application shall be accompanied by the proper license tax which shall be at the following rates: For aircraft other than gliders, listed by the manufacturer thereof as having a maximum seating capacity of either one or two persons, six dollars annually; three persons, eight dollars annually; four persons, twelve dollars annually; five persons, fifteen dollars annually; over five persons, fifteen dollars plus five dollars for each person in excess thereof, annually; and for gliders, three dollars annually.

"*Such taxes are in lieu of all other*

---

the director of transportation at the time of making application as provided in such section."

*taxes on or with respect to ownership of such aircraft.*" (Emphasis added.)

It is this last sentence of R.C. 4561.18 upon which appellant bases its argument.

The Board of Tax Appeals essentially concluded that the use tax assessed in this instance was not a tax "on or with respect to ownership of such aircraft." Based on the following discussion, we agree. In *Howell Air, Inc.* v. *Porterfield* (1970), 22 Ohio St. 2d 32, 51 O.O. 2d 62, 257 N.E. 2d 742, this court examined the claim of a taxpayer that its aircraft were not subject to sales taxes by virtue of the last sentence of R.C. 4561.18. We unanimously held:

"Prior to 1951, any aircraft located and used in business in this state was subject to taxation as being 'personal property located and used in business in this state,' within the provisions of Section 5328, General Code. In 1951, by the passage of Amended House Bill No. 405 (124 Ohio Laws 852), an annual license fee was levied on aircraft to provide revenue for the expenses of administering the Ohio laws relative to registration thereof, establishment of air markings, etc., and Section 5328, General Code, was amended to exclude from personal property taxation 'those [aircraft] properly licensed in accordance with the provisions of Sections 6310 to 6310-5 inclusive of the General Code.'

"Section 6310-5, General Code, enacted at that time, as recodified with no essential change, is now the last sentence of Section 4561.18, Revised Code, reading:

" 'Such taxes are in lieu of all other taxes on or with respect to *ownership* of such aircraft.' (Emphasis added.)

"The Ohio sales tax is not a tax on or with respect to the *ownership* of property. It is not a *property* tax. It is,

as specifically designated in Section 5739.02, Revised Code, an *excise* tax. *An excise tax is neither on the ownership of property, nor is it with respect to such ownership.* * * *'' (Emphasis added in part.) *Id.* at 33-34, 51 O.O. 2d at 62-63, 257 N.E. 2d at 742-743.

Ohio's use tax is levied pursuant to R.C. 5741.02. That section provides in pertinent part:

"(A) For the use of the general revenue fund of the state, *an excise tax* is hereby levied on the storage, use or other consumption in the state of tangible personal property or the benefit realized in this state of any service provided. * * *'' (Emphasis added.)

While appellant correctly asserts that the use tax differs from the sales tax,[2] the General Assembly did specifically designate it an excise tax in R.C. 5741.02.[3]

In *General Motors Corp.* v. *Lindley* (1981), 67 Ohio St. 2d 331, 21 O.O. 3d 208, 423 N.E. 2d 479, we recognized this specific designation by the legislature and followed *Howell Air, supra,* in holding that:

"The use tax levied under R.C. Chapter 5741 is an *excise tax,* not an *ad valorem* tax. As such, it is imposed 'neither on the ownership of property, nor is it with respect to such ownership. * * *'' '' (Emphasis *sic.*) *Id.* at 333, 21 O.O. 3d at 210, 423 N.E. 2d at

481. We arrived at this conclusion mindful of the fact that the use tax is complementary or supplemental to, but not duplicative of, the sales tax. *Id.* at 334, 21 O.O. 3d at 210, 423 N.E. 2d at 481. We find our holding in *General Motors* to be controlling in the cause *sub judice.* As the use tax is imposed neither on the ownership of property nor with respect to such ownership, it does not fall within the exemption provided by the last sentence of R.C. 4561.18. In reaching this conclusion, we also abide by our previous holding that "* * * [i]n reality, the Ohio sales and use taxes are on *transactions* — the *exercise of a privilege,* viz., the right to acquire and use tangible personal property, and they apply only to the transactions by which that privilege is exercised." (Emphasis *sic.*) *Celina Mut., supra,* at 16, 34 O.O. 2d at 9, 213 N.E. 2d at 178.

Thus, in accord with our prior decisions and based on the foregoing, we hold that payment of the annual license tax on aircraft pursuant to R.C. 4561.18 does not provide an exemption from assessment of the use tax under R.C. Chapter 5741.[4] We also find that the decision of the Board of Tax Appeals was both reasonable and lawful.

Accordingly, we affirm the decision of the Board of Tax Appeals.

*Decision affirmed.*

---

[2] "[T]he 'use tax' is complementary or supplemental to the 'sales tax' and is not designed to duplicate it." *Celina Mut., supra,* at 15, 34 O.O. 2d at 9, 213 N.E. 2d at 178.

[3] We also note that no exemption for properly licensed aircraft is included in R.C. 5741.02, which contains its own listing of exemptions from the use tax.

[4] This holding is consistent with this court's interpretation of the purpose of the use tax, especially under the facts presented by the case at bar. '' '* * * The purpose behind the imposition of this ''use tax'' is two-fold. First, it serves to protect the revenues of the state by taking away the advantages of making purchases outside the reach of the state's sales tax. Second, it serves to protect local merchants against the competition of out-of-state stores not required to charge in-state sales taxes.' '' (Citation omitted.) *General Motors, supra,* at 334, 21 O.O. 3d at 210, 423 N.E. 2d at 481.

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS and H. BROWN, JJ., concur.

WRIGHT, J., dissents.

WRIGHT, J., dissenting. I suspect that if I were a member of the Ohio General Assembly, I could support the amendment to R.C. 4561.18 announced by today's majority opinion. However, I have an entirely different perception of the judicial function and believe that we should apply the law as promulgated by our elected representatives. I must confess that I do not know why the General Assembly gave owners and operators of aircraft favorable tax treatment. Indeed, it is apparent that the legislature has excused a significant amount of personal property tax in these cases. But nothing could be clearer than the last paragraph of R.C. 4561.18, which states that payment of license taxes is "in lieu of all other taxes on or with respect to ownership of such aircraft." The language of this exemption is surely not subject to the type of "interpretation" visited upon it by my brethren in the majority.

The majority and the BTA place reliance upon *General Motors Corp.* v. *Lindley* (1981), 67 Ohio St. 2d 331, 21 O.O. 3d 208, 423 N.E. 2d 479, where, at 333, 21 O.O. 3d at 210, 423 N.E. 2d at 481, the court stated the following:

"The use levied under R.C. Chapter 5741 is an *excise tax,* not an *ad valorem* tax. As such, it is imposed 'neither on the ownership of property, nor is it with respect to such ownership. It is not a tax "laid directly on persons or property." * * * It is a tax assessed for some special privilege or immunity. * * *' (Citations omitted.) *Howell Air, Inc.* v. *Porterfield* (1970), 22 Ohio St. 2d 32, 34. The use tax, therefore, is not a tax laid upon the property, itself, but, rather, 'is a tax upon the privilege of use of property * * *.' *Federal Paper Board Co.* v. *Kosydar* (1974), 37 Ohio St. 2d 28, at 32. Under the statutes in question, ' "Use" means and includes the exercise of any right or power incidental to the ownership of the thing used.' R.C. 5741.01(C)."

*Saviers* v. *Smith* (1920), 101 Ohio St. 132, 128 N.E. 269, cited in *Howell Air, supra,* provides the following definition of an excise at paragraph four of the syllabus:

"An excise is a tax imposed on the performance of an act, the engaging in an occupation or the enjoyment of a privilege, and by the provisions of Section 10, Article XII of the Constitution, specific authority has been conferred for the levying of such a tax."

When the court cited this case in *Howell Air,* it obviously had to be referring to the portion of the definition that involves the enjoyment of a privilege. *Howell Air* dealt with a *sales* tax; that is to say, a tax on the privilege of *purchasing* an item. A sales tax is not a tax on or with respect to the ownership of property. It is a tax which is incident to the *purchase* of an item. When the *Howell Air* court suggested that an excise tax is not a tax with respect to the ownership of property, it obviously went beyond the scope of what it was asked to decide in the case and beyond the scope of the definition provided in *Saviers, supra.* An excise tax is more than simply a tax on the enjoyment of a privilege; it can also be a tax imposed upon the performance of an act or the engaging in an occupation. When the court in *General Motors, supra,* relied upon this language in *Howell Air* to also declare that a use tax was not a tax respecting ownership, it simply misstated *Saviers* and erroneously described the nature of the use tax. Unfortunately, it also misguided the BTA in this case and has

led to the convoluted and confusing majority opinion.

According to *Louisville Title Agency for N.W. Ohio, Inc.* v. *Kosydar* (1975), 43 Ohio St. 2d 109, 113, 72 O.O. 2d 61, 63, 330 N.E. 2d 899, 902, the " 'exercise of any right or power incidental to the ownership of the thing used' constitutes a taxable event." The measure of the tax is based upon the purchase price of the transaction. It is, however, levied upon the use, storage, or other consumption of the item. The sales tax, on the other hand, is a tax "levied upon the transaction by which a consumer purchases and a vendor sells tangible personal property." *Babcock & Wilcox Co.* v. *Kosydar* (1976), 48 Ohio St. 2d 251, 261, 2 O.O. 3d 416, 422, 358 N.E. 2d 544, 551. "While the sales and use tax provisions under the Revised Code are complementary, * * * they are not interchangeable." *Sears, Roebuck & Co.* v. *Lindley* (1982), 70 Ohio St. 2d 249, 253, 24 O.O. 3d 339, 342, 436 N.E. 2d 1029, 1032. "A sales tax and a use tax in many instances may bring about the same result. But they are different in conception, are assessments upon different transactions, and in the interlacings of the two legislative authorities within our federation may have to justify themselves on different constitutional grounds. A sales tax is a tax on the freedom of purchase * * *. A use tax is a tax on the enjoyment of that which was purchased. * * *" *McCleod* v. *J. E. Dillworth Co.* (1944), 322 U.S. 327, 330.

In this case, when the BTA found that the use tax did not relate to ownership of the subject aircraft, but related instead to the privilege bestowed to exercise the right of ownership, it drew a distinction without a difference. When the taxpayer uses the aircraft, it exhibits a right or power of ownership upon which the use tax is in-

cident. This tax must relate to the ownership of the property. Again, the use tax is not a tax upon the purchase of the item; rather, it is a tax upon the use of the item and is measured by the purchase price of the item. It is designed to tax purchases that are not taxed by the sales tax. It is a different tax and has a different taxable moment.

The commissioner asks this court to construe R.C. 4561.18 narrowly. This court should construe statutes only when they are ambiguous. In *State, ex rel. Foster,* v. *Evatt* (1944), 144 Ohio St. 65, 29 O.O. 4, 56 N.E. 2d 265, at paragraphs seven and eight of the syllabus, this court stated the sound principles that:

"Courts have no legislative authority and should not make their office of expounding statutes a cloak for supplying something omitted from an act by the General Assembly. The question is not what did the General Assembly intend to enact, but what is the meaning of that which it did enact. (*Singluff* v. *Weaver,* 66 Ohio St., 621, approved and followed.)

"There is no authority under any rule of statutory construction to add to, enlarge, supply, expand, extend or improve the provisions of the statute to meet a situation not provided for."[5]

Accordingly, this court must follow the language as it is found in the statute. The plain meaning of R.C. 4561.18 is that, when a license fee is paid on an aircraft, it is paid in lieu of the use tax, which levies a tax upon the exercise of a right or power incident to ownership and thus relates to the ownership of the aircraft. The appellant was not assessed the use tax be-

---

[5] Accord *Ohio Utilities Co.* v. *Collins* (1976), 48 Ohio St. 2d 169, 2 O.O. 3d 370, 357 N.E. 2d 1077.

cause it bought the aircraft; it was assessed the use tax because it exercised its ownership of the aircraft in Ohio. The use tax, then, is a tax upon the appellant's exercise of its right incidental to the ownership of the aircraft and is a tax "with respect to ownership of such aircraft." R.C. 4561.18. While the use tax is not a tax on the ownership of the aircraft, it is a tax that *relates* to the ownership of the aircraft.

I recognize that it has become fashionable to approach judicial decision-making by discussing available "op-tions." However, as indicated above, I think it is this court's task to discern and apply the language of the General Assembly in enacting a statute. This process is as old as our position in society. The notion that a judge should have untethered discretion with respect to policy choices is diametrically opposed to our democratic system of government. The concept of a judicial oligarchy is as unacceptable as is the result announced in this case. Accordingly, I must respectfully but vigorously dissent.