[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 59.]

MUTUAL HOLDING COMPANY, APPELLEE, *v*. LIMBACH, TAX COMMR., APPELLANT.

[Cite as *Mut. Holding Co. v. Limbach*, 1994-Ohio-30.]

*Taxation—Franchise tax—Noninsurance corporation that is a subsidiary of a domestic insurance company is not exempt under R.C. 5725.25 from franchise tax imposed by R.C. 5725.18.*

(No. 93-1167—Submitted September 20, 1994—Decided November 30, 1994.)

APPEAL from the Board of Tax Appeals, Nos. 90-H-1058, 91-B-155, 91-F-156 and 91-D-157.

————————————

{¶ 1} Appellee, Mutual Holding Company ("MHC"), is a wholly owned subsidiary of Blue Cross and Blue Shield Mutual of Ohio ("BCBS"), a domestic insurance company. MHC is a general Ohio corporation that acts as a holding company. BCBS owns all the outstanding stock of MHC. For the tax years at issue, 1986 through 1989, BCBS paid franchise taxes based upon its net worth as a domestic insurance company pursuant to R.C. 5725.18. MHC also paid general corporate franchise taxes for the same period.

{¶ 2} Claiming to be an asset for BCBS, MHC filed refund applications with appellant, Tax Commissioner of Ohio, for each of the years 1986 through 1989, in the total amount of $875,137. The commissioner denied the claims. On appeal, the Board of Tax Appeals ("BTA") reversed the commissioner's final orders and granted the applications.

{¶ 3} The cause is now before this court upon an appeal as of right.

————————————

*Baker & Hostetler*, *Christopher J. Swift*, *Richard R. Hollington, Jr.* and *Scott D. Irwin*, for appellee.

*Lee Fisher*, Attorney General, and *Richard C. Farrin*, Assistant Attorney General, for appellant.

_____

**MOYER, C.J.**

{¶ 4} By this appeal we are asked to determine whether a wholly owned noninsurance subsidiary of a domestic insurance company is exempt under R.C. 5725.25 from paying franchise tax if the parent pays the franchise tax on domestic insurance companies imposed by R.C. 5725.18. We hold that a noninsurance corporation that is a subsidiary of a domestic insurance company is not exempt under R.C. 5725.25 from the franchise tax imposed by R.C. Chapter 5733.

{¶ 5} R.C. 5725.25 is an exemption statute which must be strictly construed against the taxpayer. *Celina Mut. Ins. Co. v. Bowers* (1965), 5 Ohio St.2d 12, 34 O.O.2d 7, 213 N.E.2d 175. It provides in part that the tax levied by R.C. 5725.18 is "in lieu of all other taxes on the other property and assets of such domestic insurance company *** and of all other taxes, charges, and excises on such domestic insurance companies." The BTA apparently reasoned that because MHC is a wholly owned subsidiary of BCBS, it is an asset of BCBS and therefore exempt from taxation pursuant to R.C. 5725.25. We do not agree with this conclusion.

{¶ 6} Generally, a parent and subsidiary are separate and distinct legal entities. *Hoover Universal, Inc. v. Limbach* (1991), 61 Ohio St.3d 563, 575 N.E.2d 811. This is so even if the parent owns all the outstanding shares of the subsidiary. Shares of stock are intangible personal property. R.C. 1701.24(A). Stock ownership represents a bundle of rights flowing from the corporation involving, inter alia, earnings, net assets and voting power. *Millar v. Mountcastle* (1954), 161 Ohio St. 409, 53 O.O. 333, 119 N.E.2d 626. Stock is an asset in itself, distinct from the asset that is the issuing company. A tax on the shares is not a tax on the capital. *Lee v. Sturges* (1889), 46 Ohio St. 153, 19 N.E. 560. In this case, BCBS owns all the outstanding stock of MHC. The MHC stock and not MHC, the corporate entity,

is BCBS's asset. Therefore, the other-asset exemption of R.C. 5725.25 is inapplicable because MHC itself is not an asset of BCBS.

{¶ 7} A franchise tax, such as that imposed by R.C. 5725.18, is a tax on the privilege of doing business in Ohio. It is not a tax on the property of the paying entity. *Bank One, Dayton, N.A. v. Limbach* (1990), 50 Ohio St.3d 163, 553 N.E.2d 624; *Celina*, *supra.* For the privilege of operating a domestic insurance company, Ohio imposes a tax that may be measured either in terms of net worth or premium value. R.C. 5725.18. Measuring tax liability in terms of net worth does not convert a franchise tax into a property tax. See *Internatl. Harvester Co. v. Evatt* (1945), 146 Ohio St. 58, 31 O.O. 546, 64 N.E.2d 53. R.C. 5725.18 is a franchise tax measured by net worth, not a tax on net worth.

{¶ 8} The BTA in its decision distinguished *Celina*, *supra*. *Celina* would be more appropriately cited in opposition to the BTA's conclusion. In *Celina*, two domestic insurance companies applied for exemption from the sales and use tax for manuals they had purchased to comply with Ohio Department of Insurance requirements. The insurance companies distributed these manuals to their employees and agents in order that these individuals could determine premium rates. The *Celina* court held that the taxes were not imposed on the property or assets of the two domestic insurance companies. Instead, the court ruled that the sales and use taxes were levied on the exercise of privileges, the rights to acquire and to use tangible personal property. Accordingly, the court did not exempt the purchases. The same reasoning applies here, since the franchise taxes paid by BCBS and MHC are also privilege taxes and not taxes on property.

{¶ 9} Finally, we are unpersuaded that MHC may avail itself of an exemption flowing to BCBS, a domestic insurance company. MHC is not a domestic insurance company and, accordingly, pays corporate franchise tax levied by R.C. Chapter 5733. BCBS, as a domestic insurance company, pays franchise tax pursuant to R.C. Chapter 5725. R.C. 5725.25 by its express terms applies to

domestic insurance companies and not to general corporations. We find nothing to suggest that a general corporation may avail itself of an exemption granted in a separate chapter of the Revised Code to another distinct group of corporations.

{¶ 10} For the foregoing reasons, the decision of the Board of Tax Appeals is reversed and the orders of the Tax Commissioner are reinstated.

*Decision reversed.*

A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

_____