[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 333.]

UNITED TRANSPORTATION UNION INSURANCE ASSOCIATION, APPELLANT, *v.*

TRACY, TAX COMMR., APPELLEE.

[Cite as *United Transp. Union Ins. Assn. v. Tracy*, 1998-Ohio-233.]

*Taxation—Fraternal benefit societies—Use tax on purchases of office materials, equipment, and supplies is not a tax on the funds of a fraternal benefit society—R.C. 3921.24, construed.*

The use tax is not a tax on the funds of a fraternal benefit society. (R.C. 3921.24, construed.)

(No. 97-1190–Submitted April 21, 1998–Decided July 8, 1998.)

APPEAL from the Board of Tax Appeals, No. 95-J-417.

_____

{¶ 1} Appellant, United Transportation Union Insurance Association ("United"), is a fraternal benefit society organized and operating pursuant to R.C. Chapter 3921. United provides insurance and annuity benefits to its members and their families. At issue in this appeal are taxes assessed by the tax commissioner on purchases of office materials, equipment, and supplies made by United from January 1, 1990 to June 30, 1993.

{¶ 2} Beginning in July 1993, an audit of United's purchases was conducted by an agent of the appellee, Tax Commissioner. An assessment for use tax plus interest and a penalty was issued to United. Subsequently, United filed a petition for reassessment. The commissioner affirmed the use tax assessment, including interest, and conditionally remitted a portion of the penalty assessed against United.

{¶ 3} Upon appeal, the Board of Tax Appeals ("BTA") affirmed the commissioner's orders. The BTA concluded that former R.C. 3921.40 (now R.C.

3921.24)[1] did not provide United with an exemption from payment of the use tax assessment.

{¶ 4} This matter is now before the court upon an appeal as a matter of right.

_____

*Ball, Noga & Tanoury* and *Ronald B. Noga;* and *Clinton J. Miller III*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Robert C. Maier*, Assistant Attorney General, for appellee.

_____

**DOUGLAS, J.**

{¶ 5} A "fraternal benefit society" is defined in R.C. 3921.02 as "[a]ny incorporated society, order, or supreme lodge, without capital stock, including one exempted under division (A)(2) of section 3921.37 of the Revised Code whether incorporated or not, conducted solely for the benefit of its members and their beneficiaries and not for profit, operated on a lodge system with ritualistic form of work, having a representative form of government, and providing benefits in accordance with this chapter." A fraternal benefit society may "create, maintain, and operate charitable, benevolent, or educational institutions for the benefit of its members and their families." R.C. 3921.12. See, also, R.C. 3921.05.[2] To that end,

_____

1. Effective January 1, 1997, the General Assembly amended and reorganized R.C. Chapter 3921. See Am.Sub.H.B. No. 468, 146 Ohio Laws, Part III, 5193, 5198-5223. Am.Sub.H.B. No. 468 was enacted after the audit period in question. Notwithstanding, many of the former sections of R.C. Chapter 3921 have been repealed and simply renumbered without substantive change. Former R.C. 3921.40 was repealed and recodified as R.C. 3921.24. R.C. 3921.24 is substantively identical to former R.C. 3921.40. Thus, where appropriate, we will refer to relevant current sections of R.C. Chapter 3921.

2. R.C. 3921.05 provides that "[a] fraternal benefit society shall operate for the benefit of its members and their beneficiaries by providing any of the benefits set forth in section 3921.16 of the Revised Code, and by operating for social, intellectual, educational, charitable, benevolent, moral, fraternal, patriotic, or religious purposes for the benefit of its members and any other persons as determined by the society."

a fraternal benefit society may enter into contractual obligations to provide, among other benefits, death, endowment, annuity, and life insurance payments to its members and their dependents.  R.C. 3921.16.

{¶ 6} R.C. 3921.24 provides an exemption from certain taxes for fraternal benefit societies.  R.C. 3921.24 states:

"Every fraternal benefit society organized or licensed under this chapter is hereby declared to be a charitable and benevolent institution, and *all of its funds* are exempt from all state, county, district, municipal, and school taxes other than franchise taxes and taxes on real estate."  (Emphasis added.)

{¶ 7} United contends that R.C. 3921.24 (former R.C. 3921.40)[3] exempts fraternal benefit societies like itself from assessment of the state use tax. Specifically, United argues that the General Assembly intended to provide fraternal benefit societies with an exemption from "all" taxes except franchise taxes and taxes on real estate.  Therefore, United asserts that the BTA erred in affirming the use tax assessment imposed by the commissioner.  For the reasons that follow, we disagree with United.

{¶ 8} It is well established that "[s]tatutes relating to the exemption or exception from sales or use taxes are to be strictly construed, and one claiming such exemption or exception must affirmatively show his right thereto."  *Celina Mut. Ins. Co. v. Bowers* (1965), 5 Ohio St.2d 12, 34 O.O.2d 7, 213 N.E.2d 175, paragraph one of the syllabus.  See, also, *Philips Industries, Inc. v. Limbach* (1988), 37 Ohio St.3d 100, 101, 524 N.E.2d 161, 161-162.  Further, "[o]ur duty is limited to a determination of whether the decision of the Board of Tax Appeals was unreasonable or unlawful."  *Id.*

---

3.  United's actual arguments focus on former R.C. 3921.40.  United, however, agrees that Am.Sub.H.B. No. 468 (enacting current R.C. 3921.24) did not change "the substance" of former R.C. 3921.40.

**{¶ 9}** In arguing that it is exempt from paying the use tax, United has set forth a selective reading of R.C. 3921.24. By its very terms, the statute does not exempt United from paying use taxes. Instead, R.C. 3921.24 specifically states that "funds" of a fraternal benefit society are exempt from "all state, county, district, municipal, and school taxes other than franchise taxes and taxes on real estate." United gives little, if any, significance to the term "funds," which precedes the language "all state * * * taxes."

**{¶ 10}** The term "funds" is not defined in R.C. Chapter 3921. The BTA therefore looked to a definition of the term as it was defined in a former edition of Black's Law Dictionary. The BTA also analyzed how the term was used in former sections of R.C. Chapter 3921 and how it is currently being used. The BTA then concluded, and we agree, that the term "funds" generally involves money or other liquid assets held by a fraternal benefit society to accomplish the society's purposes. Specifically, the BTA correctly observed that "the term 'funds' as used in [former] R.C. 3921.40 means and includes the fund or funds which are maintained and invested as prescribed by law to carry out the purposes of the society. It is these funds and the investments of these funds which are intended to be exempt from taxation except for the levy of franchise tax upon the net worth of the society and levy of tax upon its real property."

**{¶ 11}** United asserts that the BTA's decision was premised on an improper "narrow" interpretation of the term "funds." United points to R.C. 3921.22(B), which provides that a fraternal benefit society can create and apply any "funds" necessary to carry out "any purpose" permitted by the laws of the society. Therefore, according to United, the purchases in question should be exempt from the use tax because it used "funds" to purchase the items.

**{¶ 12}** However, it is clear that R.C. 3921.24 exempts from taxation a fraternal benefit society's funds, not transactions on which Ohio imposes a use tax. The BTA correctly determined that the use tax levied by the commissioner was not

4

upon the funds held by United. Rather, the tax assessment was issued "upon the various items of office materials that were needed and utilized by the society in conducting its affairs." Thus, the use tax is not a tax on the funds of a fraternal benefit society.

{¶ 13} R.C. 5741.02(A) levies "an excise tax * * * on the storage, use, or other consumption in the state of tangible personal property or the benefit realized in this state of any service provided." R.C. 5741.04 requires the consumer to pay the tax to the vendor based on the purchase price. In *Gen. Motors Corp. v. Lindley* (1981), 67 Ohio St.2d 331, 333, 21 O.O.3d 208, 210, 423 N.E.2d 479, 481, we stated:

"The use tax levied under R.C. Chapter 5741 is an *excise tax*, not an *ad valorem* tax. As such, it is imposed 'neither on the ownership of property, nor is it with respect to such ownership. It is not a tax "laid directly on persons or property." * * * It is a tax assessed for some special privilege or immunity. * * *' (Citations omitted.) *Howell Air, Inc. v. Porterfield* (1970), 22 Ohio St.2d 32, 34 [51 O.O.2d 62, 63, 257 N.E.2d 742, 743]. The use tax, therefore, is not a tax laid upon the property, itself, but, rather, 'is a tax upon the privilege of use of property * * *.' *Federal Paper Bd. Co. v. Kosydar* (1974), 37 Ohio St.2d 28, at 32 [66 O.O.2d 82, 85, 306 N.E.2d 416, 419]. Under the statutes in question, ' "use" means and includes the exercise of any right or power incidental to the ownership of the thing used.' R.C. 5741.01(C)." (Emphasis *sic*.)

{¶ 14} Accordingly, the commissioner did not assess a tax on the funds of United. Rather, the commissioner properly assessed a tax on United's exercise of its privilege to use the items it purchased, measured by the purchase price of the items. The BTA correctly decided this issue.

{¶ 15} Finally, United argues that we should examine R.C. 3921.24 in light of R.C. 5739.02(B)(12) to understand how the two statutes parallel each other in support of United's position. United does not claim exemption directly under R.C.

5739.02(B)(12). Instead, United asserts that this statute reveals the General Assembly's intention to exempt charitable institutions and institutions with charitable purposes from sales and use taxes. Again, we disagree.

{¶ 16} The BTA properly rejected United's argument. First, R.C. 3921.24 does not exempt fraternal benefit societies on the basis of their status as charitable and benevolent institutions. Instead, R.C. 3921.24 simply designates them as such institutions and independently exempts their funds from various taxes. Second, R.C. 5739.02(B)(12) exempts sales of tangible personal property or services to "nonprofit organizations operated exclusively for charitable purposes." (The exemption is made applicable to the use tax by R.C. 5741.02.) The statute then defines charitable purposes, but the definition does not include the purposes of a fraternal benefit society. Consequently, we find that R.C. 5739.02(B)(12) fails to support United's claim.

{¶ 17} Thus, we hold that United is not entitled to an exemption from payment of the use tax with respect to the purchases in question. The decision of the BTA was both reasonable and lawful. Accordingly, we affirm the decision of the BTA.

*Decision affirmed.*

MOYER, C.J., RESNICK, F.E. SWEENEY and COOK, JJ., concur.

PFEIFER and LUNDBERG STRATTON, JJ., dissent.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 18} Because I would find that a plain reading of former R.C. 3921.40 (now R.C. 3921.24) exempts fraternal benefit societies from sales and use taxes, I respectfully dissent.

{¶ 19} A fraternal benefit society operates for the social, intellectual, educational, charitable, benevolent, moral, fraternal, patriotic, or religious benefit of its members. R.C. 3921.05. Because charitable organizations perform a valuable

service to society that is to be encouraged, the General Assembly has expressly declared fraternal benefit societies to be charitable and benevolent institutions. R.C. 3921.24. The General Assembly, recognizing the unique nature of fraternal benefit societies and the services they provide to members, has enacted laws providing tax exemptions for these organizations in R.C. 3921.24 and, by implication, in R.C. 5739.02(B)(12).

{¶ 20} R.C. 3921.24 (substantively the same as the statute at issue, former R.C. 3921.40) states two basic concepts:

"*Every fraternal benefit society * * * is hereby declared to be a charitable and benevolent institution*, and *all of its funds are exempt from all * * * taxes* other than franchise taxes and taxes on real estate." (Emphasis added.)

{¶ 21} First, the statute expressly exempts a fraternal benefit society from taxes (except franchise and real estate taxes) on "all of its funds." Although the statute does not define "funds," the word is commonly understood to broadly signify monies and assets. The American Heritage Dictionary of the English Language (3 Ed.1992) 735, defines "funds" as "[a]vailable money." Black's Law Dictionary (6 Ed.1990) 673, states that "funds" includes "moneys and much more * * * and in broader meaning may include property of all kind."

{¶ 22} There is no language in the statute that limits the meaning of "funds." Yet the BTA found it necessary to interpret the word. The majority affirmed the BTA's finding that the term "funds" is restricted to "the fund or funds which are maintained and invested as prescribed by law to carry out the purposes of the society." There is no reasonable or legal basis to narrowly define the word funds to limit the tax exemption that, I believe, the General Assembly conferred upon fraternal benefit societies. It is a well-settled principle of statutory construction that words used in a statute are to be given their plain and ordinary meaning unless otherwise indicated. *Ohio Assn. of Pub. School Emp. v. Twin Valley Local School Dist. Bd. of Edn.* (1983), 6 Ohio St.3d 178, 181, 6 OBR 235, 237, 451 N.E.2d 1211,

1213.

{¶ 23} However, even if we accept such a narrow interpretation, a logical progression in the analysis is that United Transportation Union Insurance Association ("United") uses its "funds" to make necessary purchases to carry out the purposes of the society. The funds are exempt from all taxes (except franchise and real estate taxes), and consequently, the use of the funds, including purchases made with the funds, should be likewise exempt from taxes. The purchases become other property and part of the exempt funds just as real estate would if purchased.

{¶ 24} The majority labels the use tax as a "tax on United's exercise of its privilege to use the items it purchased." Yet, no matter how the tax is described, the consequence of the BTA's finding is that United's funds, in this case, funds used to purchase necessary items for the operation of the fraternal benefit society, are being taxed. This taxing policy serves only to discourage a fraternal benefit society from providing services and benefits to its members in order to avoid taxation on the use of the funds. Because the exemption applies to *all* taxes, with the exception of franchise and real estate taxes, I believe this interpretation violates the express terms of former R.C. 3921.40 and the intent of the General Assembly.

{¶ 25} Second, the statute also states that the exemption applies to "all * * * taxes other than franchise taxes and taxes on real estate." There is no express exclusion for sales and use taxes. I do not believe we should read additional exclusions into the statute. Had the General Assembly intended also to exclude sales and use taxes, it could have done so. The plain, ordinary meaning of the statute exempts fraternal benefit societies from *all taxes* other than those expressly excluded.

{¶ 26} In addition, R.C. 5739.02(B)(12) also supports United's position that the General Assembly intended fraternal benefit societies to be exempt from sales and use taxes. The BTA rejected United's argument on the basis that the purposes of a fraternal benefit society are not included within the charitable purposes

enumerated in the statute. Although fraternal benefit societies are not specifically identified in R.C. 5739.02(B)(12), many of the functions they perform are so delineated. But because the General Assembly has expressly designated fraternal benefit societies as charitable and benevolent institutions in R.C. 3921.40, no further inquiry need be made.

{¶ 27} I believe the language in the statute reflects the General Assembly's intent to exempt fraternal benefit societies from *all* taxes (except franchise and real estate taxes), including sales and use taxes. Therefore, I would reverse the decision of the BTA as being unreasonable and unlawful.

PFEIFER, J., concurs in the foregoing dissenting opinion.

————————————