[Cite as *Durabilt, Inc. v. Testa*, 2011-Ohio-5374.]

[Please see nunc pro tunc opinion at 2011-Ohio-5781.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

DURABILT, INC.,

Appellant/Cross-Appellee,

v.

JOSEPH W. TESTA,
TAX COMMISSIONER OF OHIO,

Appellee/Cross Appellant.

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. John W. Wise, J.
Hon. Patricia A. Delaney, J.

Case No. 2011CA00016


O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | On Appeal from the Ohio Board of Tax Appeals, Case No. 2008-M-501 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 17, 2011 |
| APPEARANCES: | |

| For Appellant/Cross-Appellee | For Appellee/Cross-Appellant |
|---|---|
| RICHARD W. ARNOLD | MICHAEL DEWINE |
| KRISTEN S. MOORE | OHIO ATTORNEY GENERAL |
| Day Ketterer Ltd. | RYAN P. O'ROURKE |
| Millennium Centre, Suite 300 | Assistant Prosecuting Attorney |
| 200 Market Avenue, North | 30 East Broad Street, 25th Floor |
| P.O. Box 24215 | Columbus, Ohio 43215 |
| Canton, Ohio 44701-4213 | |

*Hoffman, P.J.*

{¶ 1}   Plaintiff-appellant/Cross-appellee Durabilt, Inc. appeals the December 21, 2010 Decision and Order of the Board of Tax Appeals affirming the final order of the Tax Commissioner Appellee/ Cross-Appellant Joseph W. Testa, Tax Commissioner of Ohio.   Appellee/Cross-appellant Tax Commissioner has filed a cross-assignment of error.

STATEMENT OF THE CASE AND FACTS

{¶ 2}   Appellant/Cross-appellee Durabilt, Inc. (Durabilt) is in the business of constructing pole buildings.  Appellee Tax Commissioner alleges Durabilt failed to pay a use tax, pursuant to findings of an audit for the period of July 1, 1995 to June 30, 2001. Appellant was issued a use tax assessment by Appellee Tax Commissioner of Ohio ("Tax Commissioner").   Durabilt filed a petition for reassessment challenging the assessment.   Durabilt contends it is merely a seller of construction services, not a purchaser of materials.

{¶ 3}   The Tax Commissioner issued a final determination rejecting Durabilt's petition on February 8, 2008.   Durabilt then appealed the Tax Commissioner's final determination to the Board of Tax Appeals (BTA).   On December 21, 2010, the BTA issued a Decision and Order affirming the Tax Commissioner, holding Durabilt was a consumer of materials used in the course of performing construction contracts.

{¶ 4}   As part of its business operations in constructing pole buildings, Durabilt entered into a joint and mutual relationship with a material supplier, Holmes Lumber, by

which Durabilt would provide construction services to the customer and Holmes would provide the construction materials.

{¶ 5}  Pursuant to the business arrangement, the customer would contact Durabilt.  Durabilt then created the building design, and entered into a contract with the customer.  Durabilt would then place an order with Holmes Lumber according to the customer's needs.  The contract was a "total package bid" wherein Durabilt would receive a deposit for its design and planning services, Holmes would receive a set price for the materials draw, and Durabilt would receive the final labor draw.  The "total package" allowed Durabilt to bid the job at a price most likely not to be matched if a potential customer attempted to purchase the materials from an outside supplier.  However, Holmes Lumber was not disclosed on the face of the contract between Durabilt and the customer.

{¶ 6}  The contract signed by the customer required the full price for the job be paid in installments.  A down payment was made on the execution of the contract, a second payment was made when materials were delivered, a third payment was made when the roof was felted, and the final payment was made on completion.

{¶ 7}  The contract between Durabilt and the customer (designated as the "owner") states, "Unless otherwise arranged by Durabilt, the Owner shall make payments directly to Durabilt…"  The contract does not instruct the customer to make any payments to Holmes Lumber.  The contract further states, "After the project is complete, any excess materials delivered to the project remain the property of Durabilt."  The contract sets forth several remedies for Durabilt in the event the customer fails to

pay for the pole building, including but not limited to, filing a mechanic's lien. Holmes Lumber is not vested with any rights or remedies under the contract.

{¶ 8}  Holmes Lumber extended Durabilt a line of credit as part of their business relationship, and Durabilt paid on the line of credit from time to time. In addition, Holmes Lumber discounted the materials sold as part of the pole buildings, giving Durabilt a competitive edge in the market for pole building construction. Durabilt approved the price quoted by Holmes Lumber for the materials.

{¶ 9}  Additionally, Holmes Lumber possessed a power of attorney from Durabilt allowing Holmes to deposit checks for the materials directly into Durabilt's account. Often the price for the materials set forth in the contract exceeded the actual costs of the materials, and Holmes Lumber would credit the excess funds to Durabilt's account. Durabilt's corporate counsel, Eric Domer, testified the materials draw was always greater than the cost of the materials themselves, and Holmes would credit the excess funds to Durabilt's account. Tr. At 31-35.

{¶ 10} The construction materials were then delivered directly to the customer, at the customer's convenience. The customer signed a Holmes Lumber delivery slip. At the time of delivery, and would pay Holmes Lumber for the materials cost. Attorney Domer testified often the customer pays Durabilt directly for the materials, with "all the checks written to Durabilt regardless of whether they were material checks or labor checks…" Tr. at 42.

{¶ 11} The Tax Commissioner ultimately determined the contract between Durabilt and its customer was a construction contract, and Durabilt was a construction contractor, liable for the tax due on its purchases of materials from Holmes Lumber.

{¶ 12} The Board of Tax Appeals affirmed the assessment, and determined Durabilt to be a consumer of the building materials purchased from Holmes Lumber in its capacity as a construction contractor; therefore, liable for use tax pursuant to R.C. 5739.13.

{¶ 13} Durabilt now appeals the December 21, 2010 Decision and Order of the BTA affirming the decision of the Tax Commissioner, assigning as error:

{¶ 14} I. "THE OHIO BOARD OF TAX APPEALS ERRED BY CONCLUDING THAT DURABILT, INC. WAS A CONSUMER OF THE CONSTRUCTION MATERIALS WHEN DURABILT, INC. DID NOT POSSESS THE MATERIALS, TRANSPORT THE MATERIALS, PAY FOR THE MATERIALS, OR GIVE ANY CONSIDERATION FOR THE MATERIALS.

{¶ 15} II. "THE OHIO BOARD OF TAX APPEALS ERRED BY CONCLUDING THAT DURABILT, INC. WAS A CONSTRUCTION CONTRACTOR WITHIN THE MEANING OF OHIO ADMINISTRATIVE CODE SECTION 5703-9-14, AND NOT AN OUTSIDE CONTRACTOR, WHEN THE CONSTRUCTION MATERIALS AT ISSUE WERE NEVER PURCHASED BY DURABILT, INC. NOR TRANSFERRED TO DURABILT, INC.

{¶ 16} III. "THE OHIO BOARD OF TAX APPEALS ERRED BY NOT GIVING ANY CREDENCE TO THE ONLY SWORN TESTIMONY CONCERNING WHO WAS THE PURCHASER OF THE CONSTRUCTION MATERIALS."

{¶ 17} Appellee/Cross-appellant Tax Commissioner assigns as cross-assignment of error:

{¶ 18} I. "THE BOARD OF TAX APPEALS ERRED IN FAILING TO SET FORTH AN ALTERNATIVE BASIS FOR HOLDING DURABILT LIABLE- NAMELY, THAT DURABILT SHOULD BE HELD LIABLE FOR USE TAX DUE TO ITS PARTICIPATION IN A JOINT VENTURE WITH HOLMES LUMBER."

{¶ 19} The Board of Tax Appeals, when reviewing the decision of the Tax Commissioner, must presume the Commissioner's findings are correct, absent a demonstration those finding are clearly unreasonable or unlawful. *Hatchadorian v. Lindley* (1986), 21 Ohio St.3d 66. The burden rests on the taxpayer to demonstrate what manner and to what extent the commissioner's findings and assessments are in error. *American Fiber Systems v. Levin*, 125 Ohio St.3d 374, 2010-Ohio-1468.

{¶ 20} Our standard of review on appeal from the decision of the Board of Tax Appeals is set forth in Ohio Revised Code Section 5717.04:

{¶ 21} "If upon hearing and consideration of such record and evidence the court decides that the decision of the board appealed from is reasonable and lawful it shall affirm the same, but if the court decides that such decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification."

DURABILT'S DIRECT APPEAL

I and II

{¶ 22} Durabilt's first and second assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

{¶ 23} In the first and second assignments of error, Durabilt argues it is not a "consumer" of construction materials as it did not possess the materials, transport the

materials, pay for the materials or give any consideration for the materials. Rather, Durabilt contends it is merely a seller of construction services, and did not make any "purchase" of materials. The Tax Commissioner's final determination rejected this argument. The BTA affirmed the Tax Commissioner, holding Durabilt was a consumer of materials used in the course of performing its construction contracts. Durabilt further argues it is not a construction contractor as defined in Ohio Administrative Code 5703-9-14(A).

{¶ 24} In *General Motors Corp. v. Lindley* (1981), 67 Ohio St.2d 331, the Ohio Supreme Court held:

{¶ 25} "The use tax levied under R.C. Chapter 5741 is an excise tax, not an ad valorem tax. As such, it is imposed 'neither on the ownership of property, nor is it with respect to such ownership. It is not a tax 'laid directly on persons or property.' * * * It is a tax assessed for some special privilege or immunity. * * * '(Citations omitted.) *Howell Air, Inc., v. Porterfield* (1970), 22 Ohio St.2d 32, 34, 257 N.E.2d 742. The use tax, therefore, is not a tax laid upon the property, itself, but, rather, 'is a tax upon the privilege of use of property * * *.' *Federal Paper Board Co. v. Kosydar* (1974), 37 Ohio St.2d 28, at 32, 306 N.E.2d 416. Under the statutes in question, ' 'Use' means and includes the exercise of any right or power incidental to the ownership of the thing used.' R.C. 5741.01(C)."

{¶ 26} R.C. 5741.02(B) imposes a use tax on each consumer who stores, uses or otherwise consumes tangible personal property in Ohio. The term "consumer" is defined as "any person who has purchased tangible personal property or has been provided a service for storage, use, or other consumption or benefit in this state.

'Consumer' does not include a person who receives, without charge, tangible personal property or a service."  R.C. 5741.01(F).

{¶ 27} R.C. 5741.01(D) provides:

{¶ 28} "Purchase means acquired or received for a consideration, whether such acquisition or receipt was effected by a transfer of title, or of possession, or of both, or a license to use or consume; whether such transfer was absolute or conditional, and by whatever means the transfer was effected; and whether the consideration was money, credit, barter, or exchange***"

{¶ 29} The term "consumer" is incorporated in R.C. 5739.01(B)(5), which reads:

{¶ 30} "(5) The production or fabrication of tangible personal property for a consideration for consumers who furnish either directly or indirectly the materials used in the production of fabrication work; and include the furnishing, preparing, or serving for a consideration of any tangible personal property consumed on the premises of the person furnishing, preparing, or serving such tangible personal property. Except as provided in section 5739.03 of the Revised Code, a construction contract pursuant to which tangible personal property is or is to be incorporated into a structure or improvement on and becoming a part of real property is not a sale of such tangible personal property. The construction contractor is the consumer of such tangible personal property, provided that the sale and installation of carpeting, the sale and installation of agricultural land tile, the sale and erection or installation of portable grain bins, or the provision of landscaping and lawn care service and the transfer of property as part of such service is never a construction contract."

{¶ 31} Ohio Administrative Code Section 5703-9-14(A) provides:

{¶ 32} "(A)  A 'construction contract' is any agreement, written or oral, pursuant to which tangible personal property is or is to be transferred or incorporated into real property, as defined in section 5701.02 of the Revised Code, so as to become a part thereof without regard to whether it is new construction or an addition to or alteration of an existing building or structure.  A 'construction contractor' is any person who performs such an agreement, whether as prime contractor or subcontractor."

{¶ 33} A review of the contract Durabilt entered into with its customers indicates the only parties to the contract were Durabilt and the individual customer.  Holmes Lumber is not mentioned or named in the agreement.  The contract further provides all payments are to be made directly to Durabilt in installments.  Specifically, one installment payment is due when materials are delivered.  Durabilt further retains the right to retain the excess materials remaining after completion of the project.  Finally, the agreement vests Durabilt with the right to terminate the project, the right to retain prior payments as liquidated damages, the right to file a mechanic's lien and the right to seek costs and interest in collecting payments.

{¶ 34} Further, testimony at the hearing before the BTA herein established the relationship between Durabilt and Holmes Lumber was not disclosed to the individual customers at the time the contract was signed.  As set forth in the statement of the facts and case supra, Holmes Lumber as a practice, and more often Durabilt itself, collected the materials draw in excess of the cost of the materials and credited Durabilt with the excess funds.  Durabilt's own corporate counsel testified the customers started writing all the checks to Durabilt regardless of whether they were materials checks or labor checks.  Tr. At 42.  The testimony suggests the relationship was mutually beneficial, but

we find it does not suggest Durabilt was not a construction contractor liable for the tax on purchases made from Holmes Lumber.

{¶ 35} We find the BTA's conclusion the relationship between Holmes Lumber and Durabilt created consideration for the use of the materials and was tantamount to a purchase of the materials is not unreasonable or unlawful.

{¶ 36} As such the Tax Commissioner's conclusion Durabilt was the party responsible for performing the services provided for in the construction contract; therefore, the construction contractor is also not unreasonable or unlawful. As the construction contractor, Durabilt is deemed the consumer of the materials liable for paying the use tax on the purchase of the materials.

{¶ 37} The first and second assignments of error are overruled.

III.

{¶ 38} In the third assignment of error, Appellant asserts the Board of Tax Appeals failed to give any credence whatsoever to the sworn testimony presented in this case.

{¶ 39} Upon review of the decision of the BTA, Appellant's argument is belied by the extensive citation to the testimony of Appellant's corporate counsel, Eric Domer. The BTA clearly considered the arguments presented by Durabilt, and made the conclusion Durabilt was liable for the use tax assessed. The record does not demonstrate the determination was unreasonable or unlawful.

{¶ 40} The third assignment of error is overruled.

TAX COMMISSIONER'S CROSS ASSIGNMENT OF ERROR

I

{¶ 41} On Cross-appeal, Appellee/Cross-appellant Tax Commissioner argues Durabilt is alternatively liable for the use tax assessed due to its participation in a joint venture with Holmes Lumber.

{¶ 42} Based upon our analysis and disposition of Appellant/Cross-appellee's assigned errors we find the arguments raised herein moot.

{¶ 43} The December 21, 2010 Decision and Order of the Board of Tax Appeals is hereby affirmed.

By: Hoffman, P.J.

Wise, J. and Delaney, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


DURABILT, INC.                                    :
                                                  :
Appellant/Cross-Appellee,                         :

|   |   |   |
|---|---|---|
|   | : |   |
| v. | : | JUDGMENT ENTRY |
|   | : |   |
| JOSEPH W. TESTA, | : |   |
| TAX COMMISSIONER OF OHIO | : |   |
|   | : |   |
| Appellee/Cross Appellant. | : | Case No. 2011CA00016 |

For the reasons stated in our accompanying Opinion, the December 21, 2010 Decision and Order of the Board of Tax Appeals is hereby affirmed.  Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY