STATE, EX REL. BEATRICE CREAMERY COMPANY, APPELLEE,
v. FRANK MARSH, SECRETARY OF STATE, APPELLANT.

FILED DECEMBER 12, 1929.   No. 27267.

*C. A. Sorensen*, Attorney General, *Clifford L. Rein* and
*Irvin A. Stalmaster*, for appellant.

*Allen & Requartte, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON, EBER-
LY and DAY, JJ., and THOMSEN, District Judge.

DAY, J.

The Beatrice Creamery Company commenced an action
in the district court for Lancaster county, asking a writ
of mandamus to compel the secretary of state to accept

$250 as its corporation tax for 1929. The defendant demurred to plaintiff's petition and appeals from an order overruling its demurrer. The plaintiff, a domestic corporation, has a paid-up capital stock of $12,000,000, of which only $690,000 is used and employed in carrying on its business in the state of Nebraska, while the remainder is used and employed in other states. This controversy wages over the question as to whether the annual corporation fee levied upon corporations shall be computed upon the total paid-up capital stock or only upon such capital employed in its business within the state. If the plaintiff, as it contends, should pay only such tax measured by its capital stock used and employed within the state, the amount tendered is computed upon this basis, and the writ should issue.

The corporation fee involved herein is provided by sections 679, 680, and 681, Comp. St. 1922. In substance these sections provide for the annual report of corporations organized under the law of this state, which report shall set forth, among other things, the amount of the authorized capital stock subscribed and paid up. It is further provided that the corporation shall pay an annual fee to the secretary of state, graduated in an ascending scale according to the amount of paid-up capital stock of the corporation. There is no ambiguity about the provisions of this statute, its language is clear and unequivocal, and there exists no necessity for a construction of these sections to determine the legislative intent. Indeed, these sections are so clear and unambiguous as to be improper subjects for judicial construction. It is self-evident and certain that the legislature intended that as to domestic corporations the fee should be computed upon its total paid-up capital stock.

This tax, which the state seeks to impose, is in its nature a franchise or excise tax. It is not a tax upon the property of the corporation. Neither is it a tax upon its capital stock, nor a tax upon the business of the corporation. The state of Nebraska gave the plaintiff corporate life and permits it to live. Its powers are derived from the laws of the state. The amount and the manner of the issue of

its stock, the liability of the holders thereof, and all other incidents in the creation, the growth and the development of this corporation, are all powers and privileges conferred upon it by the state. For all of these corporate benefits and advantages, the state seeks to levy a tax as the price of its corporate existence. If the corporation accepts the boon of corporate existence, it may well bear the burden. A state may tax a domestic corporation a franchise fee as it sees fit, and prescribe any mode of measurement for the fee it finds convenient. It may require the payment of a fee as a condition precedent to the granting of a charter to do business, and an annual fee each year for its continued exercise of rights and privileges of the franchise.

The plaintiff in this case contends that the tax imposed, being measured by the amount of paid-up capital stock, the most of which is employed in other states, amounts to a tax upon interstate commerce. It has a paid-up capital stock of $12,000,000, which stock was issued under, and by authority of, its corporate franchise. Its management, control, and use is governed by its franchise. The franchise fee, based as it is upon the amount of capital controlled by this franchise, is not a tax upon property without the state, or upon interstate business. *Kansas City, Ft. S. & M. R. Co. v. Kansas,* 240 U. S. 227; 12 C. J. 111. Such a tax, being for the privilege granted by the state for being a corporation, is not a tax upon interstate commerce because a part of the paid-up capital stock is employed in interstate commerce.

The plaintiff also urges that sections 683-697, Comp. St. 1922, indicate the intention of the legislature to place domestic and foreign corporations upon an equality with reference to the payment of the occupation tax. These sections of the statutes apply only to foreign corporations, and do not apply to domestic corporations. The recent case of *State v. Marsh,* 117 Neb. 832, is cited to support plaintiff's view. In that case the only question presented to the court for its determination was the construction of the above section of our statutes as applied to foreign corporations, and the language quoted relative to a domestic

corporation was used "arguendo," and was not decisive of the question here presented.

The next question presented is that section 1, art. XII of the Constitution of Nebraska, providing that foreign corporations shall not be given greater rights or privileges' than are domestic corporations of a similar character, means equal protection to both foreign and domestic corporations. This provision refers to the granting of franchises and corporate privileges, rather than to taxation. In any event, the method provided for computing the tax upon corporations, foreign and domestic, is not unequal as between the two classes of corporations. The state of Nebraska is required to perform certain acts in relation to domestic corporations which are not required by foreign corporations. The tax levied on the foreign corporation merely permits it to exercise quasi-corporate powers within the state. The state is not required to regulate or supervise, nor would it be permitted to do so, the issuance and sale of stock. The state has neither duty to regulate the management of its corporate business, nor to dictate the functioning of the corporate body. Moreover, there is no inequality. Every state has the power to levy an excise tax upon its own corporate creations. Foreign corporations doing business in Nebraska are subject to a franchise tax in the state of their domicile, such state having the right to tax corporations created by it. 26 R. C. L. 121, 124, 125; *Delaware R. Tax,* 18 Wall. (U. S.) 206; *Wiggins Ferry Co. v. East St. Louis,* 107 U. S. 365; *Henderson Bridge Co. v. Kentucky,* 166 U. S. 150; *Society for Savings v. Coite,* 6 Wall. (U. S.) 594; *Home Ins. Co. v. New York,* 134 U. S. 594; *Flint v. Stone Tracy Co.,* 220 U. S. 107; *Kansas City, Ft. S. & M. R. Co. v. Kansas,* 240 U. S. 227; *International Shoe Co. v. Shartel,* 279 U. S. 429. Domestic corporations here are foreign corporations in other states and so the potential taxing power is equal with respect to all corporations doing business in the state.

The plaintiff urges that the inequality, just discussed, will have the effect of deterring corporations from organizing and engaging in business in Nebraska. The officers

of the state have, since 1913, applied and interpreted these sections of the statutes relative to foreign corporations as construed by this court in *State v. Marsh, supra*, and relative to domestic corporations as we do in this case. If such an application of the law is driving corporations from the state, it is a question of policy properly directed to the attention of the legislature rather than the court. For this same reason, the state argues, that we should give great consideration to the administrative and legislative interpretation of these sections of the statutes. Upon this question, we quote the language of *State v. Marsh, supra*:

"The continuous interpretation of the statute in question, placed upon it by the officers of the state charged with its enforcement, together with the fact that, notwithstanding such interpretation, although five sessions of the legislature have been held during that time, no attempt has been made to amend the law, is such an administrative and legislative construction upon the act as should be followed by the court. Such construction is of great persuasive force, and will ordinarily be adopted by the courts when it does not do violence to the language, purpose or policy of the act. *Douglas County v. Vinsonhaler*, 82 Neb. 810; *United States v. Minnesota*, 270 U. S. 181."

We are of the opinion that, although the sections of the statutes referring to foreign corporations subject them to a tax computed only upon the amount of paid-up capital actually employed in business in the state, the sections referring to domestic corporations require them to pay a tax computed upon their total paid-up capital stock. Computed upon this basis, the amount tendered the secretary of state is insufficient to pay the corporation fee of the Beatrice Creamery Company for 1929, and therefore the writ ought not to issue. The judgment of the lower court is reversed and the cause dismissed.

REVERSED AND DISMISSED.