358 Mass. 111                                                111

Supreme Council of the Royal Arcanum *v.* State Tax Commission.

SUPREME COUNCIL OF THE ROYAL ARCANUM *vs.*
STATE TAX COMMISSION.

Suffolk.   March 4, 1970. — July 3, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, REARDON, & QUIRICO, JJ.

*Fraternal Benefit Society.   Taxation,* Sales tax, Use tax, Exemption,
Fraternal Benefit Society.

The legal incidence of the sales tax imposed by G. L. c. 64H, inserted by
St. 1967, c. 757, § 1, respecting goods purchased here by a fraternal
benefit society governed by G. L. c. 176, was upon the vendor, and
there was no basis for exempting the society from paying to the vendor
the amount of the tax added to the sales price pursuant to c. 64H,
§ 3.   [112–113]

A fraternal benefit society governed by G. L. c. 176 was not exempt from
the sales or use taxes imposed by G. L. c. 64H and c. 64I, inserted by
St. 1967, c. 757, §§ 1 and 2, respectively, by virtue of G. L. c. 176,
§ 49, inserted by St. 1958, c. 540, § 1, or c. 176, § 50, as amended
through St. 1963, c. 521, § 2.   [113–115]

BILL IN EQUITY filed in the Supreme Judicial Court for
the county of Suffolk on November 8, 1968.

The suit was reserved and reported by *Reardon,* J.

*Andrew C. Bailey* (*Michael E. Mecsas* with him) for the
plaintiff.

*William A. Shue,* Special Assistant Attorney General
(*Eda D. D'Apolito* with him), for the State Tax Commission.

KIRK, J.   This bill for a declaratory decree was reserved
and reported without decision by a single justice.   Before
us are the pleadings and a statement of agreed facts constitut-
ing a case stated.

The plaintiff, the Supreme Council of the Royal Arcanum
(Royal Arcanum), is a fraternal benefit society as defined in
and governed by the provisions of G. L. c. 176, as appearing
in St. 1958, c. 540, § 1.   It maintains an office in Boston for
the conduct of its affairs.   By application dated August 17,
1966, Royal Arcanum requested the Department of Cor-

porations and Taxation to grant it an exemption from payment of the sales tax on purchases made by it in Massachusetts. The application was denied. Several subsequent requests for reconsideration were likewise denied. On August 7, 1968, Royal Arcanum requested a ruling from the Commissioner of Corporations and Taxation that it was exempt under G. L. c. 176, §§ 49 [1] and 50,[2] from paying sales taxes on its purchases. The Commissioner ruled that fraternal benefit societies, organized under G. L. c. 176, must pay sales taxes on purchases made in the Commonwealth. Since the effective date of St. 1966, c. 14 (the temporary sales tax), Royal Arcanum has made several purchases and rentals of office supplies and equipment on which it has paid no tax. It now seeks a declaration that by virtue of G. L. c. 176, §§ 49 and 50, it is exempt from payment of sales taxes under G. L. c. 64H, or use taxes under G. L. c. 64I.

We think that Royal Arcanum's contentions cannot prevail. In *First Agricultural Natl. Bank v. State Tax Commn.* 353 Mass. 172, revd. 392 U. S. 339, we had occasion to construe certain provisions of the temporary sales and use taxes imposed by St. 1966, c. 14. The relevant provisions of those tax statutes now appear in substantially the same form in G. L. cc. 64H and 64I, inserted by St. 1967, c. 757, §§ 1 and 2. In the *First Agricultural* case, we held that, even though the vendor had the right under St. 1966, c. 14, § 1, subsec. 3 (now in permanent form as G. L. c. 64H, § 3, par. 1), to add the sales tax to the purchase price of the goods, and to enforce the right to reimbursement as a debt,

---

[1] General Laws c. 176, § 49, as appearing in St. 1958, c. 540, § 1, provides: "Every society organized or licensed under this chapter is hereby declared to be a charitable and benevolent institution, and all of its funds shall be exempt from all and every state, county, district, municipal and school tax other than taxes on real estate and office equipment."

[2] General Laws c. 176, § 50, as amended through St. 1963, c. 521, § 2, provides: "Societies shall be governed by this chapter, and shall be exempt from all other provisions of the insurance laws of the commonwealth except . . . [certain designated sections of G. L. c. 175, Insurance], not only in governmental relations with the commonwealth, but for every other purpose; and no law hereafter enacted shall apply to them unless they are expressly designated therein; provided, however, that . . . [certain other sections of c. 175] shall apply to domestic societies."

the incidence of the sales tax was upon the vendor, and not upon the purchaser. 353 Mass. at 177–181. In reversing our decision that sales to a national bank could be taxed, a majority of the Supreme Court of the United States held that in determining questions of Federal immunity they were not bound by our determination of the legal incidence of the tax. The Supreme Court held that the incidence of the tax was upon the purchaser. 392 U. S. at 347–348. We see no reason, however, for changing our conclusion on the incidence of the sales tax in a situation where Federal immunity from State taxation is not involved. It follows that the incidence of the sales tax on the goods purchased in Massachusetts is not upon Royal Arcanum, and that there is therefore no basis for an exemption.

Royal Arcanum's contentions based on G. L. c. 176, §§ 49 and 50, therefore, relate only to the use tax, the incidence of which is clearly upon the purchaser. *First Agricultural* case at p. 181. Although Royal Arcanum requested a ruling that it is exempt from paying use taxes, it does not appear on this record that Royal Arcanum has been or is about to be assessed any use taxes. Royal Arcanum thus appears to lack the "definite interest" (*School Comm. of Cambridge* v. *Superintendent of Schs. of Cambridge*, 320 Mass. 516, 518) requisite to establish an "actual controversy" on this issue. See G. L. c. 231A, § 1. Consequently, it is not necessary to our decision for us to discuss Royal Arcanum's contentions that it is exempt from the use tax by virtue of G. L. c. 176, §§ 49 and 50. Because the parties have argued the merits, however, and more especially because it provides an alternative basis for our decision on the claimed exemption from the sales tax, we discuss Royal Arcanum's contentions.

General Laws c. 176, § 49 (quoted in fn. 1), exempts the funds of fraternal benefit societies from all taxes "other than taxes on real estate and office equipment." Section 49 was enacted by St. 1958, c. 540, § 1. The sales and use taxes were enacted on a temporary basis by St. 1966, c. 14, and on a permanent basis by St. 1967, c. 757. "In its enactment

[of the sales and use taxes] the Legislature presumably knew the existing statute . . . . All the statutes must be construed, where capable, so as to constitute a harmonious whole consistent with the legislative purpose disclosed in the new act." *Mathewson* v. *Contributory Retirement Appeal Bd.* 335 Mass. 610, 614. Admittedly, "[a]mendments by implication, like repeals by implication, are not favored." *United States* v. *Welden,* 377 U. S. 95, 103, n. 12. See *Doherty* v. *Commissioner of Admn.* 349 Mass. 687, 690; *T. J. Hartnett Beverage Co. Inc.* v. *Alcoholic Beverages Control Commn.* 350 Mass. 619, 622; *Gregoire, petitioner,* 355 Mass. 399, 400. Without derogating from that general rule, we think that the Legislature intended cc. 64H and 64I to apply to fraternal benefit societies. Specific exemptions are set out in both statutes. Exempted by § 6 (e) of c. 64H are sales to organizations which are exempt from Federal taxation under § 501 (c) (3) of the Internal Revenue Code of 1954.[3] Royal Arcanum is not exempted by § 501 (c) (3); it is exempted, if at all, by § 501 (c) (8).[4] We must conclude that in expressly exempting sales to certain types of nonprofit organizations from the tax, the Legislature intended to impose the tax on sales to those organizations not enumerated. See *McArthur Bros. Co.* v. *Commonwealth,* 197 Mass. 137, 139; *General Elec. Co.* v. *Commonwealth,* 329 Mass.

---

[3] Internal Revenue Code of 1954, § 501 (c) (3), exempts: "Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation, and which does not participate in, or intervene in . . . any political campaign on behalf of any candidate for public office." Compare § 1, subsec. 6 (e) of St. 1966, c. 14, the temporary sales tax, which exempted "[s]ales to any corporation, foundation, organization or institution, organized exclusively for religious, scientific, charitable or educational purposes, including hospitals, no part of the net earnings of which inures to the benefit of any private shareholder or individual . . . ."

[4] Internal Revenue Code of 1954, § 501 (c) (8), exempts: "Fraternal beneficiary societies, orders, or associations — (A) operating under the lodge system or for the exclusive benefit of the members of a fraternity itself operating under the lodge system, and (B) providing for the payment of life, sick, accident, or other benefits to the members of such society, order, or association or their dependents." Compare G. L. c. 176, § 1.

661, 664. See also *Connecticut Light & Power Co.* v. *Walsh,* 134 Conn. 295, 300–301, 307–308.

Royal Arcanum argues that § 50 of c. 176 [5] operates to exempt it from the sales and use taxes because in neither c. 64H nor c. 64I are fraternal benefit societies "expressly designated." The gist of the argument is that no law of any type enacted subsequent to § 50 can apply to fraternal benefit societies unless that law expressly states that it so applies. Such a provision, to say the least, would be unusual. We think it is unreasonable so to construe § 50. The clause, "no law hereafter enacted shall apply to . . . [fraternal benefit societies] unless they are expressly designated therein . . . ," when read in context, clearly refers only to insurance laws. Section 50 begins by providing, "Societies shall be governed by this chapter, and shall be exempt from all other provisions of the insurance laws of the commonwealth except . . . [certain designated sections of the insurance laws in effect when § 50 was enacted] not only in governmental relations with the commonwealth, but for every other purpose . . . ." Then follows the clause quoted above. An amendment enacted in 1963 provides that certain sections of the insurance laws enacted after § 50 would apply to domestic fraternal benefit societies notwithstanding that those insurance laws did not expressly designate fraternal benefit societies. It is evident from the context of § 50 that the "expressly designated" clause was intended merely to exclude fraternal benefit societies from the ambit of subsequent revisions of the insurance laws. See Comment, Taxable Status of Fraternal Insurance, 47 Yale L. J. 965, 966.

A decree is to be entered declaring that the sales of tangible personal property to the plaintiff, or the storage, use or other consumption of such property by the plaintiff, is not exempt from the taxes imposed by G. L. cc. 64H and 64I by virtue of G. L. c. 176, §§ 49 and 50.

*So ordered.*

