Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/11/2018 09:10 AM CDT

WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY,
a NEBRASKA NOT-FOR-PROFIT FRATERNAL BENEFIT
SOCIETY, APPELLANT, v. NEBRASKA DEPARTMENT
OF REVENUE, AN AGENCY OF THE STATE OF
NEBRASKA, AND TONY FULTON, TAX
COMMISSIONER, APPELLEES.

___ N.W.2d ___

Filed February 16, 2018.    No. S-17-319.

1. **Administrative Law: Judgments: Appeal and Error.** In an appeal under the Administrative Procedure Act, an appellate court may reverse, vacate, or modify the judgment of the district court for errors appearing on the record.

2. ____: ____: ____. When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.

3. **Administrative Law: Statutes: Appeal and Error.** The interpretation of statutes and regulations presents questions of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.

4. **Statutes: Legislature: Intent.** In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.

5. **Statutes: Appeal and Error.** Absent a statutory indication to the contrary, an appellate court gives words in a statute their ordinary meaning.

6. **Statutes.** A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.

7. ____. Statutes relating to the same subject matter will be construed so as to maintain a sensible and consistent scheme, giving effect to every provision.

- 44 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
299 NEBRASKA REPORTS
WOODMEN OF THE WORLD v. NEBRASKA DEPT. OF REV.
Cite as 299 Neb. 43

8. **Taxation: Proof.** The burden of showing entitlement to a tax exemption is on the applicant.

9. **Statutes: Taxation.** Statutory tax exemption provisions are to be strictly construed, and their operation will not be extended by judicial construction.

10. ____: ____. An exemption from taxation must be clearly authorized by the relevant statutory provision.

11. **Taxation: Presumptions.** An exemption from taxation is never presumed.

12. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

13. **Taxation: Words and Phrases.** Sales and use taxes are imposed on the activity of retail transactions, measured by gross receipts. It is a tax upon the sale, lease, rental, use, storage, distribution, or other consumption of tangible personal property in the chain of commerce.

14. **Taxation: Sales.** A sales tax is not imposed on the article sold, but, rather, upon the transaction called the sale.

15. **Taxation: Words and Phrases.** Both occupation taxes and sales taxes are excise taxes for the purpose of raising revenue. An excise tax is a tax imposed on the manufacture, sale, or use of goods or on an occupation or activity, and is measured by the extent to which a privilege is exercised by the taxpayer, without regard to the nature or value of the taxpayer's assets. An excise tax is imposed upon the performance of an act.

16. **Statutes: Taxation.** The plain language of Neb. Rev. Stat. § 44-1095 (Reissue 2010) exempts taxes on the "funds" of a fraternal benefit society, but it does not exempt the fraternal benefit society from sales and use taxes, because such taxes are imposed on its retail purchase activity, not on its funds.

17. **Due Process.** The first step in a due process analysis is to identify a property or liberty interest entitled to due process protections. If there is a protected interest at stake, the question then becomes what process is due.

18. ____. The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.

19. **Trial: Expert Witnesses: Appeal and Error.** A trial court's ruling in receiving or excluding an expert's testimony which is otherwise relevant will be reversed only when there has been an abuse of discretion.

20. **Expert Witnesses: Evidence.** Expert testimony is relevant and admissible only if it tends to help the trier of fact understand the evidence or determine a fact issue, and expert testimony concerning a question of law does not tend to accomplish either of these goals. Consequently,

- 45 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
WOODMEN OF THE WORLD v. NEBRASKA DEPT. OF REV.
Cite as 299 Neb. 43

expert testimony concerning a question of law is generally not admissible in evidence.

21. **Trial: Expert Witnesses: Testimony: Statutes.** Expert testimony from legal scholars on the proper legal interpretation of statutes is generally irrelevant and should not reach a judge's attention by way of the witness stand.

Appeal from the District Court for Lancaster County: Andrew R. Jacobsen, Judge. Affirmed.

Mark E. Novotny, John M. Walker, and Daniel J. Hassing, of Lamson, Dugan & Murray, L.L.P., for appellant.

Douglas J. Peterson, Attorney General, and L. Jay Bartel for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Stacy, J.

This appeal requires us to determine whether the Legislature has exempted fraternal benefit societies from sales and use taxes imposed by the State of Nebraska. Woodmen of the World Life Insurance Society (Woodmen) requested an exemption from sales and use taxes and sought a refund of more than $2 million in such taxes previously paid. The Nebraska Department of Revenue (NDOR) denied Woodmen's request, and after a hearing, the Tax Commissioner affirmed that denial. Woodmen sought judicial review, and the district court affirmed. Because we agree no statute exempts fraternal benefit societies from paying sales and use tax, we affirm the judgment of the district court.

## I. FACTS

### 1. General Background

Nebraska's statutes regulating and relating to fraternal benefit societies are codified at Neb. Rev. Stat. §§ 44-1072 to 44-10,109 (Reissue 2010 & Cum. Supp. 2016). A fraternal benefit society is defined to include:

- 46 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
WOODMEN OF THE WORLD v. NEBRASKA DEPT. OF REV.
Cite as 299 Neb. 43

Any incorporated society, order, or supreme lodge, without capital stock, . . . conducted solely for the benefit of its members and their beneficiaries and not for profit, operated on a lodge system with ritualistic form of work, having a representative form of government, and which provides benefits in accordance with sections 44-1072 to 44-10,109 . . . .[1]

Fraternal benefit societies operate "for one or more social, intellectual, educational, charitable, benevolent, moral, fraternal, patriotic, or religious purposes for the benefit of its members."[2] They may enter into contracts to provide benefits to their members, including death, endowment, annuity, disability, medical, and life insurance benefits.[3] A fraternal benefit society may "invest its funds only in such investments as are authorized by the laws of this state for the investment of assets of life insurers."[4] All assets must be held, invested, and disbursed for the use and benefit of the society.[5]

It is undisputed that Woodmen is a Nebraska fraternal benefit society. The primary issue in this appeal is whether Woodmen is exempt from paying Nebraska sales and use taxes. The answer to this question generally requires consideration of two statutes: § 44-1095 and Neb. Rev. Stat. § 77-2704.12 (Reissue 2009).

(a) § 44-1095

With two exceptions not relevant here, the "funds" of a fraternal benefit society are exempt from taxation pursuant to § 44-1095 (Reissue 2010) which, until recently, provided: "Every [fraternal benefit society] shall be a charitable and benevolent institution, and all of its funds shall be exempt

---

[1] § 44-1072.

[2] § 44-1076.

[3] § 44-1087.

[4] § 44-1092.

[5] § 44-1093.

from all and every state, county, district, municipal, and school tax other than taxes on real estate and office equipment."

The version of § 44-1095 quoted above was in effect when Woodmen applied for the tax exemption and refund at issue in this appeal, and we confine our analysis to this statutory language. However, for the sake of completeness, we note the Legislature amended the statute in 2015.[6] Section 44-1095 now provides that "all of [a charitable benefit society's] *funds and property* shall be exempt from all and every state, county, district, municipal, and school tax."[7]

### (b) § 77-2704.12(1)

The Nebraska Revenue Act of 1967[8] imposes a sales tax on the gross receipts of retail sales of tangible personal property sold in this state[9] and a use tax when tangible personal property purchased outside of Nebraska is stored, used, or consumed in Nebraska.[10] Generally speaking, the sales tax applies when tangible personal property is purchased in Nebraska and the use tax applies when it is purchased outside Nebraska.[11]

The Legislature has exempted certain sales and uses from taxation.[12] As relevant to this appeal, certain nonprofit organizations are exempt from sales and use taxes under § 77-2704.12(1). The nonprofit organizations enumerated in § 77-2704.12(1) include, for example, those created exclusively

---

[6] See 2015 Neb. Laws, L.B. 414, § 1 (operative January 1, 2016).

[7] § 44-1095 (Cum. Supp. 2016) (emphasis supplied). See, also, Neb. Rev. Stat. § 77-202(1)(d)(iii)(B) (Cum. Supp. 2016) (adding "fraternal benefit society" to enumerated exemptions for property owned by "charitable organization").

[8] See Neb. Rev. Stat. § 77-2701 (Supp. 2017).

[9] See Neb. Rev. Stat. § 77-2703(1) (Supp. 2017).

[10] § 77-2703(2).

[11] *Interstate Printing Co. v. Department of Revenue*, 236 Neb. 110, 459 N.W.2d 519 (1990).

[12] See, generally, Neb. Rev. Stat. §§ 77-2704.02 to 77-2704.30 (Reissue 2009, Cum. Supp. 2016 & Supp. 2017).

- 48 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
WOODMEN OF THE WORLD v. NEBRASKA DEPT. OF REV.
Cite as 299 Neb. 43

for religious purposes,[13] private educational institutions,[14] hospitals and health clinics,[15] and certified organizations providing community-based services for persons with disabilities.[16] To be exempt from sales and use tax, an "organization listed in [§ 77-2704.12(1)]" must apply for exemption using forms provided by the Tax Commissioner and, if approved, a certificate of exemption is issued.[17] Fraternal benefit societies are not listed among the nonprofit organizations enumerated in § 77-2704.12(1).

## 2. Procedural Background

In October 2013, Woodmen filed an application for exemption from sales and use tax with NDOR, relying exclusively on § 44-1095. Woodmen used a standard NDOR form to seek the exemption. Because the standard form did not identify § 44-1095 as a basis for seeking exemption from sales and use tax, Woodmen attached a letter explaining its position. NDOR denied Woodmen's application using a standard letter which also did not reference § 44-1095. Instead, the reason given for denying the exemption was that Woodmen did not qualify as a religious organization. NDOR gave this reason because it concluded that of the available nonprofit exemptions, that one "fit the closest."

In January 2014, Woodmen filed a claim for overpayment, seeking a refund of more than $2 million in sales and use tax, again relying on § 44-1095. NDOR denied this claim. Woodmen petitioned for redetermination of both its exemption application and its reimbursement claim. In response, counsel for NDOR sent Woodmen a letter explaining the legal basis for NDOR's conclusion that § 44-1095 did not exempt Woodmen

---

[13] § 77-2704.12(1)(a).

[14] § 77-2704.12(1)(c).

[15] § 77-2704.12(1)(e)(i) and (ii).

[16] § 77-2704.12(1)(h).

[17] § 77-2704.12(2).

- 49 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
WOODMEN OF THE WORLD v. NEBRASKA DEPT. OF REV.
Cite as 299 Neb. 43

from sales and use tax. The parties agreed to consolidate Woodmen's requests and hold a single hearing before the Tax Commissioner on both the application for an exemption and the claim for overpayment.

Prior to such hearing, the parties conducted discovery, exchanged exhibit and witness lists (including witnesses' expected testimony), and met to discuss the legal bases for their differing positions. The parties also filed prehearing motions that were ruled on by the hearing officer. As relevant to the issues on appeal, the hearing officer sustained NDOR's motion in limine to exclude the testimony of Woodmen's expert witness, a tax law professor. The hearing officer reasoned that although the professor was an accomplished and recognized legal scholar, his opinions on the proper interpretation of Nebraska law were more properly characterized as legal argument than testimony. The hearing officer invited Woodmen to include the tax law professor's opinions in its posthearing briefing, but did not permit the professor to testify.

(a) Tax Commission Hearing

The hearing before the Tax Commissioner was held April 13, 2015. The rules of evidence were not invoked.[18] The parties stipulated that Woodmen was a fraternal benefit society, that it timely submitted both its application for an exemption and its request for a refund, and that both were properly before the hearing officer. The Tax Commissioner observed that because the parties presented no factual disputes: "Resolution of this dispute depends entirely upon the answer to the following question of law: Is the language of § 44-1095 sufficient in itself to confer [on Woodmen] an exemption from the Nebraska sales and use taxes . . . .?"

Evidence was adduced, and Woodmen made an offer of proof regarding the tax law professor's excluded testimony. After posthearing briefing, the Tax Commissioner entered an

---

[18] See 316 Neb. Admin. Code, ch. 33, § 12.04A (2010) (request to be bound by rules of evidence must be served 3 days before hearing).

order finding Woodmen was not exempt from sales and use tax under § 44-1095, and thus was not entitled to a refund.

The Tax Commissioner's order analyzed each party's proffered definitions of the term "funds" in § 44-1095, and ultimately rejected them all. Instead, he determined the meaning of "funds" by considering how the term was used in other statutes governing fraternal benefit societies.[19] The Tax Commissioner noted that under § 44-1093(2), fraternal benefit societies are authorized to "create, maintain, invest, disburse, and apply any special fund or funds necessary to carry out any purpose permitted by the laws of such society." Relying on § 44-1093, the Tax Commissioner concluded that "funds" under § 44-1095 must refer to "those same special funds allowed in § 44-1093." He thus reasoned that fraternal benefit societies were not exempt from sales and use taxes under § 44-1095, because that exemption applies only to taxes imposed on the "special funds themselves, not to the actions or transactions taken with respect to the funds."

(b) Administrative Appeal

Woodmen sought judicial review of the Tax Commissioner's final decision pursuant to the Administrative Procedure Act.[20] The Lancaster County District Court conducted a de novo review and affirmed the Tax Commissioner's denial of the exemption and refund.

After noting that fraternal benefit societies are not among the nonprofit organizations exempt from sales and use tax under § 77-2704.12(1), the district court confined its analysis to whether the language of § 44-1095 conferred an exemption from Nebraska sales and use tax.

First, the district court rejected Woodmen's argument that § 44-1095 conferred an entity-based tax exemption on fraternal benefit societies generally, as opposed to an exemption on just

---

[19] See §§ 44-1092 and 44-1093.

[20] See Neb. Rev. Stat. §§ 77-27,128 (Reissue 2009) and 84-917 (Reissue 2014).

- 51 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
WOODMEN OF THE WORLD v. NEBRASKA DEPT. OF REV.
Cite as 299 Neb. 43

its funds. The district court noted the difference between the language used in § 44-1095 and the language used in statutes that provide entity-based tax exemptions[21] and concluded that a plain reading of § 44-1095 indicated the Legislature intended to confer a tax exemption on the "funds" of a fraternal benefit society, but not on the entity itself.

Next, like the Tax Commissioner, the district court looked to other statutes governing fraternal benefit societies to discern the meaning of "its funds" in § 44-1095. The court observed that under § 44-1092, a fraternal benefit society is authorized to invest "its funds" only in certain investments, and that under § 44-1093, a society may "create, maintain, invest, disburse, and apply any special fund or funds" necessary to carry out its permitted statutory purpose. Harmonizing these statutes, the district court reasoned that the "funds" exempted under § 44-1095 must be the same funds referenced in §§ 44-1092 and 44-1093.

Finally, the court examined the essential nature of sales and use taxes, including this court's opinion in *Anthony, Inc. v. City of Omaha*,[22] and concluded that sales and use taxes are "'a tax upon *the privilege of buying* tangible personal property'" and not a tax on funds. The district court reasoned that the tax exemption on funds in § 44-1095 did not apply to taxes on the retail transactions of fraternal benefit societies. As such, the court generally concluded there was no conflict between §§ 44-1095 and 77-2704.12(1), in that the former addressed exemptions for taxes on particular funds, while the latter addressed exemptions for taxes on retail transactions. Alternatively, the district court reasoned that if the two statutes

---

[21] Compare § 44-1095, with Neb. Rev. Stat. § 44-4232 (Reissue 2010) ("[t]he [Comprehensive Health Insurance Pool Distributive Fund] shall be exempt from any and all taxes assessed by the State of Nebraska"), and Neb. Rev. Stat. § 44-2715 (Reissue 2010) ("[t]he [Nebraska Life and Health Insurance Guaranty Association] shall be exempt from payment of all fees and all taxes levied by this state . . . except taxes levied on real property").

[22] *Anthony, Inc. v. City of Omaha*, 283 Neb. 868, 813 N.W.2d 467 (2012).

were in conflict, then § 77-2704.12(1), as the more specific statute applying to sales and use tax, would control over the general exemption in § 44-1095.

The district court also addressed—and found meritless—several procedural and evidentiary errors assigned by Woodmen. As relevant to the errors assigned before this court, the district court rejected Woodmen's claims that it was denied due process before the Tax Commissioner, and found no merit to Woodmen's argument that the tax law professor should have been permitted to testify as an expert witness at the hearing.

Woodmen timely appealed from the district court's order, and we granted its petition to bypass the Nebraska Court of Appeals.

## II. ASSIGNMENTS OF ERROR

Woodmen assigns, restated, that the district court erred in failing to find Woodmen was (1) exempt from sales and use taxes under § 44-1095, (2) entitled to a refund for sales and use taxes previously paid, (3) denied due process when NDOR changed its rationale for denying the exemption, and (4) entitled to present expert testimony on the proper interpretation § 44-1095.

## III. STANDARD OF REVIEW

[1,2] In an appeal under the Administrative Procedure Act, an appellate court may reverse, vacate, or modify the judgment of the district court for errors appearing on the record.[23] When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[24]

---

[23] *Bridgeport Ethanol v. Nebraska Dept. of Rev.*, 284 Neb. 291, 818 N.W.2d 600 (2012).

[24] *J.S. v. Grand Island Public Schools*, 297 Neb. 347, 899 N.W.2d 893 (2017).

- 53 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
WOODMEN OF THE WORLD v. NEBRASKA DEPT. OF REV.
Cite as 299 Neb. 43

[3] The interpretation of statutes and regulations presents questions of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.[25]

## IV. ANALYSIS

[4-7] This appeal involves statutory interpretation, and our analysis is guided by familiar principles. In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.[26] Absent a statutory indication to the contrary, an appellate court gives words in a statute their ordinary meaning.[27] A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.[28] Statutes relating to the same subject matter will be construed so as to maintain a sensible and consistent scheme, giving effect to every provision.[29]

[8-11] And because the statute at issue involves a tax exemption, our analysis is guided by additional principles. The burden of showing entitlement to a tax exemption is on the applicant.[30] Statutory tax exemption provisions are to be strictly construed, and their operation will not be extended by judicial construction.[31] An exemption from taxation must

---

[25] *Bridgeport Ethanol v. Nebraska Dept. of Rev., supra* note 23.

[26] *J.S. v. Grand Island Public Schools, supra* note 24.

[27] *DMK Biodiesel v. McCoy*, 290 Neb. 286, 859 N.W.2d 867 (2015); *Coffey v. Planet Group*, 287 Neb. 834, 845 N.W.2d 255 (2014).

[28] *Stick v. City of Omaha*, 289 Neb. 752, 857 N.W.2d 561 (2015*)*; *Holdsworth v. Greenwood Farmers Co-op*, 286 Neb. 49, 835 N.W.2d 30 (2013).

[29] *In re Interest of Katrina R.*, 281 Neb. 907, 799 N.W.2d 673 (2011); *Maycock v. Hoody*, 281 Neb. 767, 799 N.W.2d 322 (2011).

[30] *Lackawanna Leather Co. v. Nebraska Dept. of Rev.*, 259 Neb. 100, 608 N.W.2d 177 (2000).

[31] See *Archer Daniels Midland Co. v. State*, 290 Neb. 780, 861 N.W.2d 733 (2015).

- 54 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
WOODMEN OF THE WORLD v. NEBRASKA DEPT. OF REV.
Cite as 299 Neb. 43

be clearly authorized by the relevant statutory provision.[32] An exemption from taxation is never presumed.[33]

With these principles in mind, we consider the relevant statutes to determine whether Woodmen, as a fraternal benefit society, is exempt from sales and use tax under Nebraska law.

### 1. § 77-2704.12(1) Does Not Exempt Woodmen From Sales and Use Tax

Section 77-2704.12(1) provides that sales and use taxes "shall not be imposed" on certain nonprofit entities, and it lists the types of nonprofit organizations subject to this exemption. Fraternal benefit societies are not among the enumerated nonprofit entities identified in § 77-2704.12(1), and Woodmen does not claim to fit the description of any other organization enumerated in that subsection.

An exemption from taxation must be clearly authorized by the relevant statutory provision.[34] There is nothing in the plain language of § 77-2704.12 that exempts fraternal benefit societies from sales and use taxes, and the district court correctly concluded Woodmen is not exempt under this statute.

### 2. § 44-1095 Does Not Exempt Woodmen From Sales and Use Tax

Section 44-1095 provided: "Every [fraternal benefit society] shall be a charitable and benevolent institution, and all of its funds shall be exempt from all and every state, county, district, municipal, and school tax other than taxes on real estate and office equipment."

In urging a construction of this statutory language that excludes it from paying sales and use taxes, Woodmen generally presents two theories. First, Woodmen argues that § 44-1095 creates an entity-based exemption that necessarily includes sales and use taxes. Alternatively, Woodmen argues

---

[32] See *Bridgeport Ethanol v. Nebraska Dept. of Rev., supra* note 23.

[33] *Lackawanna Leather Co. v. Nebraska Dept. of Rev., supra* note 30.

[34] See *Bridgeport Ethanol v. Nebraska Dept. of Rev., supra* note 23.

- 55 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
WOODMEN OF THE WORLD v. NEBRASKA DEPT. OF REV.
Cite as 299 Neb. 43

that the term "funds" in § 44-1095 should be construed broadly to exempt fraternal benefit societies from using its funds to pay any tax. We reject both these theories as inconsistent with the plain language of the statute and contrary to settled principles of statutory interpretation. We note the parties' briefing focused on the term "funds." Because the statutory phrase is actually "its funds," we at times use that phrase in our analysis.

### (a) § 44-1095 Is Not Entity-Based Exemption

Woodmen argues it

> is exempt from "all and every state" tax. Because the sales and use tax is a tax imposed by the state, it falls within the ambit of § 44-1095. And because it falls within the ambit of § 44-1095, [Woodmen] is exempt from the sales and use tax. This case really is that simple.[35]

This argument urges a construction of § 44-1095 that effectively reads the phrase "its funds" out of the statutory language altogether and replaces it with "fraternal benefit society." But the plain language of § 44-1095 does not exempt fraternal benefit societies from taxation; rather, it exempts fraternal benefit societies from taxes imposed on "its funds."

A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.[36] Like the Tax Commissioner and the district court, we expressly reject Woodmen's invitation to render meaningless the phrase "its funds" in order to judicially rewrite § 44-1095 into an entity-based exemption from all taxation.

Instead, we must strictly construe the exemption provisions of § 44-1095 and not extend their operation through judicial construction.[37] When the Legislature has intended to create

---

[35] Brief for appellant at 19.

[36] *Stick v. City of Omaha, supra* note 28; *Holdsworth v. Greenwood Farmers Co-op, supra* note 28.

[37] See *Archer Daniels Midland Co. v. State, supra* note 31.

- 56 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
299 NEBRASKA REPORTS
WOODMEN OF THE WORLD v. NEBRASKA DEPT. OF REV.
Cite as 299 Neb. 43

an entity-based exemption, it has used plain and simple language.[38] The Legislature did not exempt fraternal benefit societies in § 44-1095, but, rather, exempted "its funds." This court will not write into a statute what the Legislature did not.

(b) Exemption for "[I]ts [F]unds" Does
Not Impact Sales and Use Tax

Much of the parties' briefing debates what the Legislature meant when it exempted a fraternal benefit society's "funds" from "all and every state, county, district, municipal, and school tax other than taxes on real estate and office equipment."[39] The term "funds" is used throughout the statutes governing fraternal benefit societies, but no specific definition of the term is provided. The parties have not cited to legislative history discussing the intended meaning of the phrase "its funds" as used in § 44-1095, and until now, no Nebraska appellate court has been called upon to consider the issue.

[12] The parties advance alternative interpretations of the phrase "its funds" and each party argues that the rules of statutory construction support their preferred interpretation. Ultimately, however, we conclude it is not necessary to determine—in this case—a precise definition of "funds" or "its funds" under § 44-1095. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[40] In this case, determining the precise definition of "its funds" under § 44-1095 is not necessary to resolve the issues on appeal, because no definition of "its funds" has been advanced that could plausibly implicate or apply to sales and use taxes.

---

[38] See, e.g., § 44-4232 ("[t]he [Comprehensive Health Insurance Pool Distributive Fund] shall be exempt from any and all taxes assessed by the State of Nebraska"), and § 44-2715 ("[t]he [Nebraska Life and Health Insurance Guaranty Association] shall be exempt from payment of all fees and all taxes levied by this state . . . except taxes levied on real property").

[39] § 44-1095.

[40] *Greenwood v. J.J. Hooligan's*, 297 Neb. 435, 899 N.W.2d 905 (2017).

- 57 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
WOODMEN OF THE WORLD v. NEBRASKA DEPT. OF REV.
Cite as 299 Neb. 43

[13-15] Sales and use taxes are not imposed on funds, they are imposed on the activity of retail transactions, measured by gross receipts.[41] It is a tax upon the sale, lease, rental, use, storage, distribution, or other consumption of tangible personal property in the chain of commerce.[42] A sales tax is not imposed on the article sold, but, rather, upon the transaction called the sale.[43] As we explained in *Anthony, Inc. v. City of Omaha*:

> Both occupation taxes and sales taxes are "excise taxes" for the purpose of raising revenue. An excise tax is a tax imposed on the manufacture, sale, or use of goods or on an occupation or activity, and is measured by the extent to which a privilege is exercised by the taxpayer, *without regard to the nature or value of the taxpayer's assets*. An excise tax is imposed upon the performance of an act.[44]

Because sales and use tax is imposed on the performance of a transaction, such taxes have nothing to do with the value or nature of Woodmen's funds. In other words, sales and use taxes are taxes imposed on Woodmen's retail purchase activity, not on Woodmen's funds.

Woodmen tries to get around this distinction by urging an interpretation of "its funds" that would include the activity of spending its funds. Woodmen argues that in order for § 44-1095 to have meaning, "it must mean that [Woodmen] may not be required to spend its funds paying taxes on the purchase of goods. In other words, [Woodmen], as an entity, is exempt from the sales and use taxes."[45] We disagree.

For the reasons stated earlier, we reject Woodmen's argument that § 44-1095 confers an entity-based exemption on

---

[41] See *Anthony, Inc. v. City of Omaha, supra* note 22.

[42] See *id*.

[43] 316 Neb. Admin. Code, ch. 1, § 001.02 (2003).

[44] *Anthony, Inc. v. City of Omaha, supra* note 22, 283 Neb. at 876-77, 813 N.W.2d at 475-76 (emphasis supplied).

[45] Brief for appellant at 21.

fraternal benefit societies. Woodmen's similar suggestion—that § 44-1095 should be construed to exempt not just taxes *on* "its funds," but also to exempt payment of any taxes *using* "its funds"—is also rejected. Such a construction would be contrary to the plain language of the statute, would impermissibly expand the statute through judicial construction, and would recognize an entity-based exemption that has not been clearly authorized by the statute.

Woodmen also argues that unless the phrase "its funds" is construed broadly to create "an exemption for all fraternal benefit societies that exempts the societies from paying sales and use taxes out of their funds,"[46] then § 44-1095 provides no exemption at all from any current tax and "is nothing more than an ink blot in Nebraska's statutes."[47]

It is true that during oral argument before this court, the parties were not able to identify any current tax that, but for the exemption in § 44-1095, would be levied or imposed on a fraternal benefit society's "funds." NDOR and the Tax Commissioner argue that in 1931, when the tax exemption on a fraternal benefit society's "funds" was first enacted,[48] it effectively exempted such societies from taxes on intangible personal property in their funds, but the tax on intangible personal property was later repealed.[49] NDOR and the Tax Commissioner describe § 44-1095 as "antiquated." We express no opinion on whether this observation is correct, because whether a statute as written has become antiquated presents a question of tax policy more properly directed to the Legislature.[50]

---

[46] *Id.* at 16.

[47] *Id*. at 20.

[48] See 1931 Neb. Laws, ch. 86, § 31, p. 246 (codified at Comp. Stat. § 44-1261 (Supp. 1931)).

[49] See 1967 Neb. Laws, ch. 498, § 3, p. 1691 (repealing Neb. Rev. Stat. § 77-201.01 (Reissue 1966)).

[50] See *State, ex rel. Beatrice Creamery Co., v. Marsh*, 119 Neb. 197, 227 N.W. 926 (1929).

It is the role of this court to declare the law as it finds it, and we decline Woodmen's invitation to modernize statutory language through judicial legislation.

In summary, Woodmen asks us to either read "its funds" out of § 44-1095 altogether, and thereby create an entity-based exemption which the Legislature has not authorized, or construe the phrase "its funds" so broadly as to include the activity of spending funds. It is not the proper role of this court to do either.[51]

[16] For the reasons stated previously, we hold that the plain language of § 44-1095 exempts taxes on the "funds" of a fraternal benefit society, but it does not exempt the fraternal benefit society from sales and use taxes, because such taxes are imposed on its retail purchase activity, not on its funds.[52] Other courts to have considered statutes similar to § 44-1095 have arrived at the same conclusion.[53]

In fact, Ohio has applied similar analysis to a similar statute. The Ohio statute provides: "'Every fraternal benefit society organized or licensed under this chapter is hereby declared to be a charitable and benevolent institution, and *all of its funds* are exempt from all state, county, district, municipal, and school taxes other than franchise taxes and taxes on real estate.'"[54] In *United Transp. Union v. Tracy*,[55] a fraternal benefit society contended this statute exempted it from the Ohio use tax. The court disagreed. In its analysis, the court

---

[51] See, *J.S. v. Grand Island, supra* note 24; *Stick v. City of Omaha, supra* note 28; *Holdsworth v. Greenwood Farmers Co-op, supra* note 28.

[52] See *Anthony, Inc. v. City of Omaha, supra* note 22.

[53] See, *United Transp. Union v. Tracy*, 82 Ohio St. 3d 333, 695 N.E.2d 770 (1998); *Dept. of Rev. v. Woodmen of the World*, 919 P.2d 806 (Colo. 1996); *Supreme Council of the Royal Arcanum v. State Tax Commission*, 358 Mass. 111, 260 N.E.2d 822 (1970). But see *The State of Texas v. The Praetorians*, 143 Tex. 565, 186 S.W.2d 973 (1945).

[54] *United Transp. Union v. Tracy, supra* note 53, 82 Ohio St. 3d at 334, 695 N.E.2d at 771, quoting Ohio Rev. Code Ann. § 3921.24 (2002).

[55] *United Transp. Union v. Tracy, supra* note 53.

- 60 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
299 NEBRASKA REPORTS
WOODMEN OF THE WORLD v. NEBRASKA DEPT. OF REV.
Cite as 299 Neb. 43

emphasized that statutes relating to tax exemptions had to be strictly construed. It concluded the plain language of the statute exempted only a society's funds from taxation and did not exempt a society from transactions on which Ohio imposed a use tax. It emphasized that a use tax was issued "'upon the various items of office materials that were needed and utilized by the society,'" not the society's funds, and thus, the exemption on funds did not apply to the use tax.[56]

Nebraska's sales and use tax is a transactional tax, imposed on purchases, not on funds. We therefore agree with the district court that § 44-1095 does not exempt Woodmen from Nebraska's sales and use tax. For the same reason, we conclude the district court did not err in denying Woodmen's refund claim.

### 3. No Due Process Violation

Woodmen claims it was denied due process before the Tax Commissioner. Specifically, Woodmen argues it was not provided adequate notice of the legal grounds on which NDOR would rely at the hearing, because NDOR initially denied Woodmen's application for exemption on the basis that Woodmen was not a religious organization. The Tax Commissioner rejected this due process argument, as did the district court, finding the record showed that Woodmen had been provided ample notice of NDOR's legal theories and reasoning well in advance of the hearing. We agree Woodmen has shown no due process violation.

[17,18] The first step in a due process analysis is to identify a property or liberty interest entitled to due process protections.[57] If there is a protected interest at stake, the question then becomes what process is due.[58] The fundamental

---

[56] *Id*. at 335, 695 N.W.2d at 772.

[57] *Marshall v. Wimes*, 261 Neb. 846, 626 N.W.2d 229 (2001).

[58] See *id*.

requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.[59]

Woodmen's right to apply for a tax exemption is a property interest entitled to due process. The question, then, is whether the process Woodmen received gave it an opportunity to be heard in a meaningful time and manner. Woodmen does not contest that the opportunity to be heard was timely—it suggests, however, that the opportunity was not meaningful, because Woodmen did not have adequate notice of the legal basis on which NDOR was relying to oppose the exemption. The record refutes this contention.

Although NDOR originally denied the application for exemption because Woodmen was not a religious organization, the record shows the parties were aware, well in advance of the hearing, of one another's legal theories and reasoning regarding the interpretation of § 44-1095. Specifically, in a letter dated before the formal hearing was even requested, NDOR responded to Woodmen's legal arguments and provided an explanation of its legal basis for concluding § 44-1095 did not provide Woodmen an exemption from sales and use tax. The record further reflects that before the hearing, the parties conducted discovery, exchanged witness and exhibit lists, and met to discuss their differing interpretations of § 44-1095. The record amply supports the conclusion that prior to the hearing, Woodmen was aware of the legal basis on which NDOR was opposing the sales and use tax exemption. The district court correctly found no due process violation, and Woodmen's arguments to the contrary are meritless.

### 4. EXCLUSION OF TAX LAW
#### PROFESSOR'S TESTIMONY

Woodmen argues the hearing officer abused her discretion in excluding the expert testimony of the tax law professor retained by Woodmen. Woodmen argues the professor is

---

[59] See *id.*

- 62 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
WOODMEN OF THE WORLD v. NEBRASKA DEPT. OF REV.
Cite as 299 Neb. 43

a "renowned expert in the tax laws of Nebraska" and "was willing to assist [the] Hearing Officer with his opinion."[60] Woodmen's offer of proof indicates that, if permitted, the professor would have testified about "statutory construction" and "about the law in Nebraska and the plain language of the law in Nebraska and his research and study of that area, [and] how [§] 44-1095 suggests a broad meaning for funds."[61] The hearing officer allowed Woodmen to include the professor's opinions as authorities in its posthearing briefing, but excluded the professor's testimony. Woodmen contends this was an abuse of discretion and argues the district court erred in failing to recognize as much.

[19] Generally, a trial court's ruling in receiving or excluding an expert's testimony which is otherwise relevant will be reversed only when there has been an abuse of discretion.[62] Here, the rules of evidence were not invoked at the hearing before the Tax Commissioner[63]; but under the Nebraska Administrative Code, the hearing officer could "exclude incompetent, irrelevant, immaterial, and unduly repetitious evidence."[64]

[20,21] Expert testimony is relevant and admissible only if it tends to help the trier of fact understand the evidence or determine a fact issue, and expert testimony concerning a question of law does not tend to accomplish either of these goals.[65]

---

[60] Brief for appellant at 28.

[61] *Id*. at 31.

[62] *Prime Home Care v. Pathways to Compassion*, 283 Neb. 77, 809 N.W.2d 751 (2012); *Richardson v. Children's Hosp*., 280 Neb. 396, 787 N.W.2d 235 (2010).

[63] See 316 Neb. Admin. Code, ch. 33, § 12.04A (request to be bound by rules of evidence must be served 3 days before hearing).

[64] *Id*., § 12.04.

[65] *State v. Merchant*, 285 Neb. 456, 827 N.W.2d 473 (2013), *disagreed with on other grounds, State v. Merchant*, 288 Neb. 440, 848 N.W.2d 630 (2014); *Sports Courts of Omaha v. Brower*, 248 Neb. 272, 534 N.W.2d 317 (1995).

Consequently "'expert testimony concerning a question of law is generally not admissible in evidence.'"[66] In the past, this court has been critical of admitting expert testimony from legal scholars on the interpretation of statutes, reasoning that such evidence is irrelevant and "'should not reach a judge's attention by way of the witness stand.'"[67]

Here, the parties stipulated to the pertinent facts and there were no factual disputes presented at the hearing—only a question of law regarding statutory interpretation. Under these circumstances, the district court found the hearing officer did not abuse her discretion in excluding the tax law professor's opinion testimony, particularly when Woodmen was permitted to present the professor's opinions as authority and argument in its posthearing brief. The district court's decision in this regard conformed to the law, was supported by the record, and was neither arbitrary, capricious, nor unreasonable. There is no merit to this assignment of error.

## V. CONCLUSION

The Legislature did not include fraternal benefit societies among those entitled to be exempt from sales and use tax under § 77-2704.12(1), and the exemption from taxes on a fraternal benefit society's "funds" in § 44-1095 does not encompass sales and use tax. We find no merit to the remaining assignments of error and therefore affirm the judgment of the district court.

AFFIRMED.

WRIGHT, J., not participating.

---

[66] *State v. Merchant, supra* note 65, 285 Neb. at 465, 827 N.W.2d at 481, quoting *Kaiser v. Western R/C Flyers*, 239 Neb. 624, 477 N.W.2d 557 (1991)).

[67] *Id.*, quoting *Sasich v. City of Omaha*, 216 Neb. 864, 347 N.W.2d 93 (1984).